## HENNESSY v VOLZ

Ohio Appeals, 1st Dist, Hamilton Co

No 5309.  Decided Jan 10, 1938

John W. Cowell, Cincinnati, and Benjamin S. Schwartz, Cincinnati, for Appellees.

Ragland, Dixon & Murphy, Cincinnati, for Appellant.

## OPINION

By ROSS, PJ.

Appeal on questions of law from a judgment of the court of common pleas of Hamilton county.

The action was brought to contest a will of Ambrose Hennessy. The jury found against the will. The will in question was dated April 4th, 1925. The decedent died January 23rd, 1936.

The decedent at the time of making this will was living with a sister, a Mrs. Volz. Thereafter, on August 1st, 1925, the decedent married and established his own home. His wife at the time of his marriage had a daughter, Grace Naylor, who with her husband, came to live with the decedent in his home.

The decedent shortly before his death was again living at the home of his sister, Mrs. Volz, although he had not given up his own home. This house had been closed for some five days before his death.

The will in question, which was admitted to probate February 6, 1936, and which carries the legal rebuttable presumption of validity, gave all of his property to his sister, Mrs. Volz, except $2,000.00, which was willed to Grace Parks, the woman whom

he later married, and who was at the time of making this will in 1925, his fiance.

There is some evidence that during the lifetime of his wife, the decedent made a will leaving all his property to his wife except $1,000.00, bequeathed to his sister, Mrs. Volz. His wife objected to this bequest, and the insistence of the testator upon this bequest caused his wife to become greatly incensed against him. She died November 24, 1931.

There is substantial credible evidence that after the death of the wife of the decedent he made a will in which he divided his property equally among a number of brothers and sisters and bequeathed to his step-daughter, Mrs. Naylor the sum of $2,-000.00.

There is absolutely no evidence that either of the two latter wills were in existence at the time of the death of the decedent or were in existence after his death or were "lost, spoliated, or destroyed subsequent to the death of the testator."

There is further no evidence that "before the death of such testator" such loss, spoliation, or destruction occurred. There is no evidence—and consequently definitely no "clear and convincing testimony" that such loss, spoliation or destruction occurred before his death. In other words, there is in this case a complete failure to establish any of the requirements specified as necessary by §10504-35, GC, to justify the probate of a lost, spoliated, or destroyed will.

The evidence in the case would not justify the probate of either of the two latter wills. But we are here not considering a contest of either of these wills. The question presented is, did the evidence justify the jury in its conclusion that the will contested was not the last will and testament of the testator?

There is no evidence that in either of the two latter wills there existed a specific revocation of the previous wills. The provisions of such wills, however, were unquestionably inconsistent with the first will.

Sec 10504-47, GC, provides:

"A will shall be revoked by the testator tearing, canceling, obliterating or destroying it with the intention of revoking it, by the testator himself, or by some person in his presence, or by his express written direction, or by some other will or codicil, in writing, executed as prescribed by this title, or by some other writing, signed, attested, and subscribed, in the manner provided by this title for the making of a will, but nothing herein contained shall prevent the revocation implied by law, from subsequent changes in the condition or circumstances of the testator."

It is obvious that the mere making of a subsequent will conclusively indicates that the earlier will, if valid and legally executed, does not express the intention of the testator as to the disposition of his estate. If it were satisfactory, he would not, it may be reasonably concluded, make a new will. Having reached a determination that the former will does not express his present intention as to the disposition of his estate, it may be fairly presumed again that he will make a full and complete disposition of such estate and not merely a supplementary disposition, which could be naturally and legally expected by a codicil to the first will.

We, therefore, conclude that the making of a subsequent will most certainly when the terms thereof are inconsistent with the earlier will, by virtue of the terms of §10504-47, GC, automatically revokes and annuls the earlier will without specific words of revocation. Page on Wills, 2nd Ed. (1926) §441; 41 Oh Jur., p. 367, et seq.; Paully v Crooks, 179 N.E. 364.

We are not concerned here with the question as to whether or not requisite evidence may be later produced before the proper tribunal establishing a right to probate of the last will. The sole question presented to the trial court and here considered is whether or not the will contested was the last will and testament of the decedent, Ambrose Hennessy. There was ample evidence proving that it was not.

We also conclude that the proper execution of the last will was shown, and the presumption in favor of the first will, in this action contested, was fully overcome.

The charge of the court on revocation was in accordance with our views of the law applicable thereto and as hereinbefore noted.

Much that is said by appellant deals with matters which are directed to the credibility of the witnesses. Nowhere more than in such an action as the one here considered is the function of the jury more appropriate.

The judgment is affirmed.

HAMILTON & MATTHEWS, JJ, concur.