**DYCE, Plaintiff-Appellant, v. KOCH, Extrx. et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Columbiana County.

No. 756. Decided January 2, 1958.

S. C. Copperman, Willoughby, for plaintiff-appellant.
Moore & Moore, Lisbon, for defendants-appellees.

## OPINION

By PHILLIPS, J.

The trial judge withdrew plaintiff's evidence from the consideration of the jury at the close of plaintiff's case in her action filed September 22, 1955, against defendant, Executrix of the Estate of Charles

M. Koch, and others, to contest a paper writing dated April 18, 1945, purporting to be the last will and testament of Charles M. Koch, deceased, which will was admitted to Probate on June 30, 1955, and directed the jury to return a verdict for defendants finding such instrument to be decedent's last will and testament and entered judgment accordingly.

Plaintiff appealed from the judgment of that court to this court on questions of law.

Plaintiff contends that the trial judge erred to her prejudice and abused his discretion in directing the jury to return a verdict for the defendant.

Plaintiff is the only child, and defendant, Sue M. Koch, is the widow of decedent, being his third wife.

There is evidence that decedent made several wills, in one of which wills executed in 1954 he had divided his estate equally between his widow and his daughter, which he had discussed freely with and shown to plaintiff's witnesses.

By brief plaintiff propounds the following questions, which we proceed to dispose of now:—

"1. In order to effect a revocation of a former will, must it be established that the subsequently executed will was such as could be probated?

"2. Is the rule that a document regular on its face is presumed to have been properly executed applicable to a subsequently executed will?

"3. Did the evidence establish that the probated will of 1945 was revoked by the alleged will of 1954?"

Answering the question propounded first by plaintiff, we quote what counsel for defendant stated by brief:—

"We agree with the plaintiff that the answer to this question must be in the negative. There are many circumstances under which a properly executed subsequent will might be effective to revoke a prior will and still not be entitled to probate. There might be a third will in existence or the second will might have been altered or defaced by the testator with the intention of revoking it, to cite two examples.

"The answer to this question has no bearing upon the correctness of the judgment appealed from."

The thinking of this court is similar to that of the defendant.

Answering plaintiff's second question defendant executrix says in her brief:—

"For purposes of argument, we will concede that the doctrine cited is applicable to a subsequently executed will which is regular on its face We have no such document to consider in the instant case. The doctrine is applicable only to an instrument which is physically in existence and capable of being examined for regularity.".

We are impressed by the reasoning of the trial judge as expressed in his opinion, a portion of which we quote, and in which we concur:—

"In argument, counsel for plaintiff admitted that there was a failure of evidence of execution but he argued that there was a presumption that the instrument purporting to be the 1954 will was properly executed. The court recognizes the rule that documents regular on their face are

presumed to have been properly executed but the court does not believe that such a rule is applicable in the situation we have here. In the first place a will contest case is a statutory proceeding and §2741.05 R. C., provides that the order of probate is prima facie evidence of the attestation, execution, and the validity of the will. So, we have a situation where the will in contest is presumed by statute to have been properly executed. Now the claimed will of 1954 was never produced in evidence. There was some evidence that the words 'Last Will and Testament' appeared at the top; one witness testified that Mr. Koch told him there was a revocation clause in the will and that he had given everything in equal shares to Mrs. Dyce and Mrs. Koch. There were other witnesses who testified that they saw the signatures of Mr. Koch on the will and the signatures of two witnesses, John Hood and John Johnson. There was no evidence that Mr. Koch signed the will in the presence of the witnesses and acknowledged his signature to them. Under these circumstances, is this a situation that calls for the invocation of a presumption that this ethereal will was regular on its face and therefore entitled to a presumption that it was properly executed. I think not. I don't think that under all these facts and circumstances you can safely presume the validity of the execution when there is no document or instrument before you regular on its face. I therefore feel that the claim of presumption of proper execution of the subsequent will of 1954 can not be used to save the plaintiff and to make a will where none exists according to the facts."

Sec. 2107.03 R. C., provides:—

"Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature.

Sec. 2107.33 R. C., provides:—

"A will shall be revoked by the testator * * * by some other written will or codicil, executed as prescribed by §§2107.01 to 2107.62, inclusive, R. C., or by some other writing which is signed, attested, and subscribed in the manner provided by such sections. * * * "

There is no evidence of any witness identifying the signatures of the alleged subscribing witnesses nor of any witness who saw decedent sign the purported will of 1954 and saw subscribing witnesses sign it. Phrasing it otherwise, as the trial judge did, "there was no evidence that Mr. Koch signed the will in the presence of the witnesses and acknowledged his signature to them."

There being no evidence of the execution of the purported revocatory instrument, except that decedent had said he had executed such an instrument, the answer to plaintiff's third question is in the negative.

Obviously there was no fact in dispute to submit to the jury and the trial judge did not err to plaintiff's prejudice nor abuse his discretion in directing the jury to return a verdict for defendants and entering judgment in conformity with the verdict.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.