**In re Estate of ROCH.**

[Cite as *In re Estate of Roch* (1991), 81 Ohio App.3d 161.]

Court of Appeals of Ohio,
Wayne County.

No. 2629.

Decided Oct. 2, 1991.

162

Robert N. Gluck, for appellant.
Richard Sternberg, for appellee.

REECE, Judge.

This is an appeal from an order of the Probate Court of Wayne County denying the application of appellant, Debra Roch, to administer the estate of John S. Roch. The record shows that John S. Roch died intestate on June 25, 1990. He was survived by his wife Debra Roch and a minor child, Cory Roch. Cory is the decedent's son by a previous marriage to the appellee, Teri Roch. Under the laws of descent and distribution, R.C. 2105.06, only Debra Roch and Cory Roch have an interest in the estate of the decedent. Both Debra, as the spouse of the decedent, and Teri, as the guardian of Cory, applied for letters of administration. The probate court denied both applications and Debra alone appeals that decision.

The decedent had no significant assets and the only purpose for administration would be to bring a wrongful death action on behalf of the estate. The probate court held that Debra "could not serve as a 'reasonably disinterested' person in a wrongful death action," and thereby found her unsuitable to administer the estate. For this reason it is necessary to review the circumstances surrounding the death of John Roch and the basis of any wrongful death action which might be brought.

On the day of his death, John and Debra Roch had a fight which included some physical struggle. The fight ended when Debra fled to the home of her father, James Homonai. Upon learning of the fight, Homonai, armed with a gun, went to the decedent. During the ensuing confrontation, the gun was discharged and John Roch was fatally wounded. Homonai was convicted of manslaughter.

Any wrongful death action brought on behalf of the decedent's estate would name Homonai as a party defendant. While recognizing that intra-family lawsuits are not uncommon, the court questioned Debra's ability to remain "reasonably disinterested" in an action against her father. The probate court was also concerned that any award against her father could have the effect of reducing Debra's potential inheritance. The court also found there to be a great deal of animosity between Debra and Teri. Based on these findings, Debra's application for letters of administration was denied and she appeals raising one assignment of error.

## Assignment of Error

"The court committed error at law prejudice [*sic*] to the rights of the plaintiff appellant and surviving spouse when it declined to appoint her as administrator of her deceased husband's estate."

While the assignment of error is less than precise, the essence of Debra's argument is that the court abused its discretion in finding her unsuitable to administer John Roch's estate. Debra refers to R.C. 2113.06, which establishes the priority of persons entitled to administer an estate and gives first priority to the surviving spouse of the decedent. However, R.C. 2113.06 provides that letters of administration will not be granted to anyone found unsuitable to discharge the duties of administration. An identical provision is found in R.C. 2113.05, dealing with the issuance of letters testamentary; in this regard, these two sections should be read *in pari materia.* See *In re Estate of Young* (1964), 4 Ohio App.2d 315, 320, 33 O.O.2d 357, 359–360, 212 N.E.2d 612, 615–616, appeal dismissed (1964), 177 Ohio St. 76, 29 O.O.2d 196, 202 N.E.2d 308.

In construing R.C. 2113.05, the Supreme Court of Ohio has held that the statute places in the probate court the authority to exercise discretion in determining who is a suitable person to manage an estate. *In re Estate of Henne* (1981), 66 Ohio St.2d 232, 20 O.O.3d 228, 421 N.E.2d 506, paragraph one of the syllabus. The determination of "suitable person" is reversible only upon finding an abuse of discretion by the probate court. *Id.*

The court went on to define a "suitable person" as one "who is *reasonably disinterested* and in a position to reasonably fulfill the obligations of a fiduciary." (Emphasis *sic.*) *Id.* at paragraph two of the syllabus. The court enumerated three factors for the probate court to consider when deciding whether an applicant is reasonably disinterested. These three factors, which are not exclusive, are:

"(1) the nature and extent of the hostility and distrust among the parties;

"(2) the degree of conflicting interests and obligations, both personal and financial; and

"(3) the underlying and aggregate complexities of the conflict." *Id.* at paragraph three of the syllabus.

In applying these factors to the case *sub judice,* we find no abuse of discretion by the probate court in denying Debra's application for administration. It was reasonable to conclude that Debra could not remain "reasonably disinterested" in litigation against her father, and therefore was unsuitable to administer the estate. Besides the inherent conflict in any intra-family lawsuit, the court expressed additional concerns. Any successful award from the wrongful death action could have the effect of depleting the estate of Debra's father and her ultimate inheritance. Debra's attempt to minimize this conflict, by claiming that she is no longer a beneficiary under her father's will, is unconvincing. A will is ambulatory, having no effect until death. *Behrens v. Behrens* (1890), 47 Ohio St. 323, 331, 25 N.E. 209, 211–212. Debra remains a natural heir of her father until his death.

More importantly, the probate court found a great deal of animosity and "mutual hostility" between Teri and Debra. Teri, as the guardian of Cory, and Debra, individually, represent the only distributees of the estate. Given this mutual hostility, it was reasonable for the probate court to find that neither person could adequately represent the interests of the other. Additionally, testimony was elicited that Debra should be made a party-defendant along with her father in any wrongful death action that may be filed. Without deciding the propriety of this claim, the probate court correctly reasoned that Debra could not objectively decide whether to sue herself.

■ "Abuse of discretion" has been defined as more than a mere error of law or judgment by the trial court, but as an attitude which is "unreasonable, arbitrary or unconscionable." (Citations omitted.) *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. The Supreme Court of Ohio has held that an abuse of discretion occurs in that rare instance when the decision is unsupported by the facts and contrary to logic. *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 313, certiorari denied (1985), 472 U.S. 1032, 105 S.Ct. 3514, 87 L.Ed.2d 643. In this case, the holding of the probate court was supported by evidence that Debra, by virtue of her relationship to the other parties, was unsuitable to perform the duties in the administration of decedent's estate. Accordingly, the assignment of error is overruled and the judgment of the probate court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.