GOCKEL et al., Appellants,

v.

EBLE et al., Appellees.

[Cite as *Gockel v. Eble* (1994), 98 Ohio App.3d 281.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66153.

Decided Oct. 17, 1994.

*Edward M. Graham,* for appellants.

*Thomas J. Scanlon* and *Eileen Kelley; Robert W. Monroe; John K. O'Toole* and *Peter A. Hessler,* for appellees.

KRUPANSKY, Judge.

In this action contesting the last will and testament of Janet N. Price, plaintiffs-appellants Shirley Gockel, Virginia Chidley and June Schweitzer, the sisters of Price, timely appeal from an August 18, 1993 judgment of the Cuyahoga County Common Pleas Court, Probate Division granting summary judgment in favor of defendant-appellee Delphine C. Mundell who is the sole legatee of Price's will.

Defendants-appellees also include (1) Susan Johnson, Price's niece, who, although a defendant, was added by appellants as a party to the within action and who opposed Mundell's claims; (2) Gayle L. Eble, Price's niece, who was appointed executrix of Price's estate but was subsequently excused by the trial court from participation in the capacity of executrix since she opposed the validity of Price's will; and (3) Ann Marie Hawkins who was appointed special administratrix of Price's will upon Eble's removal.

Janet N. Price ("Price") and Delphine C. Mundell ("Mundell") were close friends for thirty-two years. In 1968, Price and Mundell took up residency together and, in 1977, they purchased a home together. In 1988, they purchased a condominium where they continued to live together. On January 13, 1984, during the period in which they resided together, Price executed a will in which she bequeathed her entire estate to Mundell. Price and Mundell, however, ended their co-residency, and apparently their close friendship, in 1990.

Thereafter, Price allegedly stated to Eble and others, shortly before her death, that she, Price, executed a new will which revoked the original legacies to Mundell contained in the January 13, 1984 will. On February 20, 1992, however, Price died and Mundell thereafter admitted Price's January 13, 1984 will to the probate division. Pursuant to the January 13, 1984 will, the court appointed Price's niece, Gayle L. Eble ("Eble"), as executrix.

Price's sisters, Shirley Gockel, Virginia Chidley and June Schweitzer, who are Price's heirs-at-law, then commenced the within action claiming that Price's will executed on January 13, 1984 was not Price's last will and testament. Specifically, appellants claimed Price executed a new will shortly before her death which revoked the legacies previously devised to Mundell, *i.e.*, Price's new will revoked the January 13, 1984 will.

The parties to the within action, however, neither discovered nor admitted to probate an actual document, original or copy, of the new will allegedly executed by Price in which Price revoked the January 13, 1984 will. Appellants claimed, rather, that Mundell, shortly after Price's death, obtained and destroyed the new will executed by Price. Appellants further argued that, although Price's new will remained undiscoverable, Price's estate was required to be distributed according to the statutory provisions concerning intestate succession since Price indicated her intention to revoke the January 13, 1984 will.

Upon motion, the court thereafter permitted appellants to amend their complaint to add new party defendant Susan Johnson who is also a niece and heir-at-law of Price. Mundell then moved the court to excuse Eble from participating at trial in the capacity of executrix claiming that Eble, who was the daughter of appellant Gockel, would experience a conflict of interest and, therefore, be unable to impartially defend the January 13, 1984 will. The probate division agreed and removed Eble from participation in her representative capacity as executrix. Mundell then moved the court to appoint a special administrator and the court appointed Ann M. Hawkins ("Hawkins") who was attorney for Mundell but subsequently withdrew as counsel for Mundell.

On June 8, 1993, Mundell moved for summary judgment claiming appellants neither demonstrated the invalidity of the January 13, 1984 will nor produced evidence substantiating their claim that Price executed a new will shortly before her death, *i.e.*, appellants failed to prove Price revoked her January 13, 1984 will. The court overruled this motion and the case proceeded to trial.

On August 9, 1993, Mundell and Hawkins, as administratrix with will annexed, filed a motion *in limine* moving the court to prohibit appellants from offering any testimony or evidence that (1) Price executed a new will which revoked the January 13, 1984 will; and (2) Mundell destroyed Price's new will. In their motion, appellants moved the court to preclude the foregoing unless and until

appellants introduced (1) evidence that Price did indeed execute a new will in conformity with existing law, *i.e.*, executed a new will conforming to R.C. 2107.03 which required, *inter alia*, the new will be signed in the presence of two witnesses; and (2) evidence of the content of the new will.

Appellees argued, *inter alia*, that introduction of circumstantial evidence suggesting Price executed a new will which Mundell destroyed would be highly prejudicial to the jury and unfair without actual evidence that the new will was legally executed and without evidence that the new will specifically revoked the January 13, 1984 will. Appellees also argued (1) Eble had made a diligent but unsuccessful effort to locate any other document which might purport to be Price's new will; (2) appellants discovered no person who witnessed, saw or was in possession of Price's new will; and (3) for three consecutive days during the week of February 3, 1993, an advertisement appeared in the Daily Legal News requesting information regarding any last will and testament executed by Price and, in addition, appellants located no attorney who was consulted or who prepared a new will for Price.

Appellants opposed the motion *in limine* arguing that Evid.R. 803 and other statutes, which appellants failed to cite, permitted testimonial evidence, *i.e.*, statements made to Eble and others by Price before she died, to be introduced demonstrating that Price executed a new will with the intent to revoke the January 13, 1984 will.

The probate division, however, granted appellees' motion *in limine* finding (1) that Evid.R. 803(3) was applicable to only a properly executed will rather than to a purported will; (2) that Evid.R. 804(B)(5) would permit evidence of the new will to be introduced only for purposes of rebuttal but not to prove the existence of a will; and (3) the probative value of such evidence would be substantially outweighed by the danger of confusion of the issues or of misleading the jury in violation of Evid.R. 403(A).

Thereafter, the case proceeded to trial on August 18, 1993 and appellees renewed their summary judgment motion. The probate division granted this summary judgment motion noting, *inter alia*, (1) appellants produced no evidence, other than hearsay testimony, of the existence of Price's new will; and (2) appellants stipulated that, with respect to the execution of the January 13, 1984 will, Price possessed testamentary capacity and the will was not a forgery or the product of undue influence.

A timely appeal was then filed. This appellate court, however, dismissed the appeal for lack of a final appealable order finding that summary judgment was inappropriately granted in favor of all appellees, *viz.*, Mundell, Johnson, Eble and Hawkins, instead of only Mundell since Mundell alone had moved the court for summary judgment. Appellants then filed a motion for reconsideration arguing

that summary judgment was, in fact, neither granted in favor of Johnson since Johnson would have prevailed only if appellants had prevailed nor granted in favor of Eble and Hawkins whose interests in the case *sub judice* were merely to defend Price's will as mandated by statute. This court granted appellants' motion for reconsideration.

Appellants' first assignment of error follows:

"I. The court erred in appointing a special administratrix."

This assignment lacks merit.

Appellants argue the trial court erred when it removed Eble from participating at trial in the capacity of executrix and, subsequently, appointed Hawkins as special administratrix with will annexed to defend Price's will.

R.C. 2113.05 states in relevant part as follows:

"When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will * * * if he is *suitable* * * *." (Emphasis added.)

A person is "suitable" for the position of executrix only if she is reasonably disinterested and in a position to reasonably fulfill the obligations of a fiduciary. *In re Estate of Henne* (1981), 66 Ohio St.2d 232, 20 O.O.3d 228, 421 N.E.2d 506; *In re Estate of Roch* (1991), 81 Ohio App.3d 161, 610 N.E.2d 524; *In re Estate of Pfahler* (1989), 64 Ohio App.3d 331, 581 N.E.2d 602. An executrix may neither commence a will contest action nor concur as a defendant with plaintiffs in a will contest action while she simultaneously performs the duties of an executrix. *Henne, supra; Steinberg v. Cent. Trust Co.* (1969), 18 Ohio St.2d 33, 47 O.O.2d 154, 247 N.E.2d 303.

In the case *sub judice*, Eble, although a party defendant, clearly concurred in the will contest brought by appellants against Price's January 13, 1984 will. The will contest was commenced by Price's sisters including Shirley Gockel who was Eble's mother. In her deposition, Eble maintained that Price told her, Eble, that Price had executed a new will which revoked the legacies to Mundell contained in the January 13, 1984 will. In addition, Eble engaged in the following colloquy at deposition with defense counsel:

"Q. As executrix, do you know what the duties of an executrix are?

"A. I do.

"Q. What are they?

"A. To *preserve* my aunt's estate.

"Q. What else, in addition?

"A.  To do what she *would want done* with her estate following her death.

"Q.  And what would guide you in doing what she wanted done?

"A.  *Her last conversation with—well, one of her last conversations with me on the 13th of February.*

"Q.  What was that conversation?

"A.  *It was that she had a new will prepared.  She had Del taken off because Del was still on it from the old will and the old house, and that she had changed that.*

"Q.  And you feel that you should distribute or handle her estate in accordance with that conversation?

"A.  *I feel that my aunt had a will made, and I cannot effectively do that, her wishes, because I feel that her condominium was illegally entered, and that I cannot find a will that my aunt had told me that she had made.*

"Q.  Do you feel that it is your duty to handle the estate affairs in accordance with the will that is admitted to probate?

"A.  I do as my lawyer has directed me to.

"Q.  But you don't believe that this is the correct way to do it?

"A.  *My aunt said that was her old will.  She said she had a new will.*"
(Emphasis added.)

Based upon the foregoing colloquy, it is clear that Eble was neither reasonably disinterested in the outcome of the within will contest nor in a position to reasonably fulfill her fiduciary obligations and, thus, was not a suitable person for the position of executrix of Price's will.  R.C. 2113.05, *supra.*

The test to be applied by this appellate court concerning the trial court's removal of an executrix is whether or not the trial court abused its discretion. Under the circumstances and in accordance with *Henne, supra, Steinberg, supra, Roch, supra* and *Pfahler, supra,* the trial court did not abuse its discretion when it removed Eble from the position of executrix.

■  R.C. 2113.06 states in relevant part as follows:

"If there are no persons entitled to administration, or if they are for any reason unsuitable for the discharge of the trust, * * * the court shall commit the administration to some suitable person who is a resident of the state.  * * * *"

In the case *sub judice,* the remainder of Price's family consisted of (1) Price's sisters and their children who are Price's heirs-at-law and who commenced the within action;  and (2) Price's other niece, Susan Johnson, who is also Price's heir-at-law taking through Johnson's deceased father who was Price's brother.  The

probate division, however, was unable to appoint any of Price's foregoing family members to the position of administratrix because of their adverse positions to the January 13, 1984 will which had been admitted to probate.

In accordance with R.C. 2113.06, *supra*, the trial court, therefore, did not err when it determined there were no family members suitable for the position. In addition, since there were no family members suitable for the position of administratrix, the trial court did not abuse its discretion when, pursuant to R.C. 2113.06, *supra*, it appointed Ann Hawkins as special administratrix with will annexed to defend Price's January 13, 1984 will.

Based upon the foregoing analyses, appellants' first assignment of error lacks merit and, therefore, is overruled.

Appellants' second assignment of error follows:

"II. The court erred in granting appellee's motion in limine."

This assignment lacks merit.

Appellants first claim the trial court erred when it granted appellees' motion *in limine*, *i.e.*, when the trial court precluded appellants from offering testimony which would have alleged (1) Price made a new will with intent to revoke the legacies to Mundell contained in the January 13, 1984 will; and (2) Mundell destroyed Price's new will in order to ensure that the January 13, 1984 will would be declared valid. The trial court held that appellants could introduce the foregoing evidence only after offering evidence that Price did, in fact, execute a new will in accordance with R.C. 2107.03 [1] and then offering evidence of the content of Price's new will.

When a will is in the custody of the testator and cannot be found following the death of the testator, a presumption arises that the testator destroyed the will with an intent to revoke it. *In re Estate of Haynes* (1986), 25 Ohio St.3d 101, 25 OBR 150, 495 N.E.2d 23; *Behrens v. Behrens* (1890), 47 Ohio St. 323, 25 N.E. 209; *Chenoweth v. Cary* (App.1939), 30 Ohio Law Abs. 98, 17 O.O. 76, 31 N.E.2d 716.

In the case *sub judice*, therefore, if Price executed a new will which remained in her sole custody, as appellants claim, the presumption arose that Price destroyed the new will with intent to revoke the new will when the new will

---

1. R.C. 2107.03 states in relevant part as follows: "Except oral wills, every last will and testament *shall be in writing,* but may be handwritten or typewritten. *Such will shall be signed at the end by the party making it * * * and be attested and subscribed in the presence of such party, by two or more competent witnesses * * *."* (Emphasis added.)

R.C. 2107.60 states in relevant part as follows: "An oral will, made in the last sickness, shall be valid * * * *if reduced to writing and subscribed by two competent disinterested witnesses within ten days after the speaking of the testamentary words. * * *"* (Emphasis added.)

was not discovered following Price's death. *Haynes, supra; Behrens, supra; Chenoweth, supra.* The foregoing presumption, however, may be rebutted by, *inter alia*, (1) proof of declarations made by the decedent; (2) testimony that a third party fraudulently destroyed the will; or (3) proof of the testator's relations to the persons involved in the will contest action. *Haynes, supra.*

In addition, based upon Evid.R. 803(3),[2] the hearsay rule is inapplicable in a proceeding to admit a destroyed will. *Haynes, supra; Behrens, supra.* In *Haynes, supra*, at paragraph two of the syllabus, the Ohio Supreme Court stated as follows:

"The proceeding to admit a lost, spoliated, or destroyed will is a special statutory proceeding in which the hearsay rule is inapplicable."

In the case *sub judice*, appellants desired to present hearsay statements made by Price which would have demonstrated Price's (1) intention to execute a new will thereby revoking the legacies to Mundell contained in the January 13, 1984 will; and (2) memory or belief that she did, in fact, execute a new will thereby revoking the legacies to Mundell contained in the January 13, 1984 will. Appellants also desired to introduce evidence that Mundell was present at Price's condominium shortly after Price's death and took the key to Price's safety deposit box thereby suggesting Mundell obtained Price's new will and destroyed it.

In accordance with *Haynes, supra, Behrens, supra* and Evid.R. 803(3), *supra*, such testimony was admissible providing, however, the testimony was relevant in accordance with Evid.R. 401[3] and its admission was not violative of Evid.R. 403.[4]

R.C. 2107.26 states in relevant part as follows:

"When an original will is * * * destroyed subsequent to the death of a testator * * * and such will cannot be produced in the probate court in as complete a manner as the originals of last wills and testaments * * *, the court may admit

---

**2.** Evid.R. 803 states in relevant part as follows: "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

"* * *

"(3) *Then Existing, Mental, Emotional, or Physical Condition.* A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will."

**3.** Evid.R. 401 states in relevant part as follows: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

**4.** Evid.R. 403(A) states in relevant part as follows: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

such * * * destroyed will to probate, *if such court is satisfied the will was executed according to the law in force at the time of its execution and not revoked at the death of the testator.*" (Emphasis added.)

In the case *sub judice,* appellants did not seek *per se* to admit to probate Price's new will which was allegedly destroyed, *i.e.,* appellants did not present, *e.g.,* a copy of the allegedly destroyed new will and petition the probate division to execute the terms of that destroyed new will. However, appellants did indeed petition the trial court to recognize the existence of Price's new will, duly executed by Price and destroyed by Mundell, the contents of which new will revoked the January 13, 1984 will.

Thus, appellants petitioned the probate division to declare the January 13, 1984 will invalid and distribute Price's estate according to the statutes controlling intestate succession. Appellants, therefore, did impliedly and indirectly petition the probate division to admit the new will to probate and give effect to its content, *viz.,* declare that Price's new will revoked the January 13, 1984 will. R.C. 2107.26 is, therefore, applicable in light of the foregoing circumstances.

In *Cole v. McClure* (1913), 88 Ohio St. 1, 102 N.E. 264, syllabus, the Ohio Supreme Court stated in relevant part as follows:

"To establish a lost or destroyed will *the evidence of its execution and its contents must be clear, strong, positive, free from bias and convincing beyond a reasonable doubt.*" (Emphasis added.) See *Dyce v. Koch* (App.1958), 79 Ohio Law Abs. 596, 157 N.E.2d 130; cf. *Behrens, supra; Chenoweth, supra.*

In addition, R.C. 2107.33 [5] dictates that a new will does not constitute a valid revocation of a prior will unless the new will was properly executed in accordance with R.C. 2107.03, *supra.*

At first blush, there seems to be a conflict between *Cole, supra* and *Haynes, supra* with respect to the *quantum* of evidence required regarding lost, spoliated or destroyed wills. In *Haynes, supra,* at paragraph one of the syllabus, the Ohio Supreme Court stated as follows:

"The standard of proof necessary to admit a lost, spoliated, or destroyed will to probate is *clear and convincing evidence that the loss, spoliation, or destruction of the original will occurred* subsequent to the death of the testator or before the death of the testator, but without his knowledge." (Emphasis added.)

---

5. R.C. 2107.33(A) states in relevant part as follows: "A will shall be revoked * * * by the testator's express written direction, or by some other written will or codicil, executed as prescribed by sections 2107.01 to 2107.62 of the Revised Code * * *."

Upon comparison of *Cole, supra* and *Haynes, supra,* however, it is clear that *Cole, supra* deals with the *execution* of such wills the establishment of which must be demonstrated beyond a reasonable doubt, whereas, *Haynes, supra* deals with the *destruction* of such wills the establishment of which requires clear and convincing evidence.

In the case *sub judice,* the probate division precluded appellants from offering the foregoing admissible testimonies, *viz.,* Price's hearsay statements and Mundell's alleged actions following Price's death, unless and until appellants first introduced evidence that Price did, in fact, execute a new will in accordance with the provisions of R.C. 2107.03, *supra* and evidence of the content of the new will. Pursuant to R.C. 2107.26, *supra,* R.C. 2107.33, *supra* and *Cole, supra,* the trial court did not err when it granted the motion *in limine.* If Price indeed executed a new will as appellants claimed, Price's new will would not have constituted a valid revocation of the January 13, 1984 will, regardless of Price's intentions, unless the new will was properly executed and either clearly stated Price's intent to revoke or was, in fact, clearly inconsistent with the January 13, 1984 will. See *Hennessy v. Volz* (1938), 59 Ohio App. 1, 12 O.O. 335, 16 N.E.2d 1019.

Restated, in the absence of "clear, strong, positive" evidence "free from bias and convincing *beyond a reasonable doubt* " (1) that Price *legally executed* a will in conformity with the requirements of R.C. 2107.03, *supra;* and (2) demonstrating the contents of the new will, the foregoing testimonies with respect to Price's memories and the actions of Mundell were irrelevant to resolve the case *sub judice. Cole, supra;* Evid.R. 401, *supra.* In addition, admission of the foregoing testimonies would have violated Evid.R. 403, *supra,* since admission would have been unfairly prejudicial to Mundell and would have also distracted the jury from focusing upon the real issue, *viz.,* whether or not Price legally executed a new will which legally revoked the January 13, 1984 will. R.C. 2107.26, *supra;* R.C. 2107.33, *supra; Cole, supra.*

Based upon the foregoing analyses, appellants' second assignment of error lacks merit and, therefore, is overruled.

Appellants' third and final assignment of error follows:

"III. The court erred in granting appellee's renewed motion for summary judgment."

This assignment lacks merit.

Civ.R. 56(C) specifically provides that before summary judgment may be granted, the court must determine the following: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to only one conclusion viewing such evidence most strongly in favor of

the non-movant and the conclusion is adverse to that party. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825.

In addition, a motion for summary judgment forces the nonmoving party to produce timely filed evidence on issues for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095 (syllabus). The nonmovant must also present specific facts and may not rely merely upon the pleadings or upon unsupported allegations. *Shaw v. J. Pollock & Co.* (1992), 82 Ohio App.3d 656, 612 N.E.2d 1295.

In the case *sub judice*, appellants presented neither evidence that Price *duly executed* a new will in conformity with R.C. 2107.03, *supra*, nor *evidence of the content of a new will*. Appellants were unable to produce, *e.g.*, any of the following which would have constituted evidence that Price duly executed a new will shortly before her death, *viz.*, (1) an original or copy of Price's new will; (2) the testimony of a person who witnessed Price's new will or saw Price's new will; (3) the testimony of a person who was in possession of Price's new will; or (4) an attorney who prepared a new will for Price or advised Price with respect to a new will.

However, pursuant to R.C. 2107.26, *supra*, R.C. 2107.33, *supra*, and *Cole*, *supra*, appellants bore the burden to produce such evidence at trial. Appellants, thus, failed to produce timely filed evidence on the foregoing issues for which they bore the burden of production. *Wing, supra*. On the contrary, appellants relied upon mere allegations which could not withstand Mundell's summary judgment motion. *Shaw, supra*.

As the trial court noted, if it were held that the mere allegations in the case *sub judice* were sufficient to withstand Mundell's summary judgment motion, then nothing would prevent an unscrupulous heir-at-law, who was omitted from a testator's will, from commencing a will contest and effectively frustrating the intent of that testator merely by (1) fraudulently claiming the testator executed a new will prior to death thereby revoking a previously executed valid will; and (2) alleging the new will was subsequently destroyed by the legatees of said previous will.

In addition, since appellants were unable to demonstrate that Price duly executed a new will, the issues with respect to Price's memories or intentions and with respect to Mundell's actions were not genuine issues of material fact remaining to be litigated. *Osborne, supra*. On the contrary, such issues and allegations were irrelevant in the absence of proof that Price duly executed a new will in conformity with R.C. 2107.03, *supra*, which legally revoked the January 13, 1984 will. Evid.R. 401, *supra; Cole, supra; R.C. 2107.33, supra; R.C. 2107.26, supra*.

Furthermore, viewing the evidence, or the lack of evidence, most strongly in favor of the nonmoving appellants, reasonable minds could come to only one conclusion, *viz.*, that appellants failed to prove Price legally executed a new will which legally revoked the January 13, 1984 will. R.C. 2107.03, *supra;* R.C. 2107.26, *supra;* R.C. 2107.33, *supra; Cole, supra.* Since appellants failed to demonstrate that Price legally executed a new will which legally revoked the January 13, 1984 will, appellee was, therefore, entitled to summary judgment as a matter of law.

Based upon the foregoing analyses, appellants' third assignment of error lacks merit and, therefore, is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and MATIA, J., concur.