[Cite as *In the Matter of the Estate of Price*, 2014-Ohio-537.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| THE ESTATE OF | : | Appellate Case No. 25791 |
| | : | |
| DANT'E PRICE, Deceased | : | Trial Court Case No. 2012-EST-616 |
| | : | |
| | : | |
| | : | (Probate Appeal from |
| | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of February, 2014.

. . . . . . . . . . .

JAMES R. GREENE, III, Atty. Reg. #0034267, and VALERIE COLBERT, Atty. Reg. #0074075, James R. Greene, III & Associates, 120 West Second Street, Suite 900, Dayton, Ohio 45402
        Attorneys for Appellant, Saprena Riley

SAM G. CARAS, Atty. Reg. #0016376, and MITCHELL J. ANDERSON, 130 West Second Street, Suite 310, Dayton, Ohio 45402
and
DENNIS GUMP, Atty. Reg. #0022471, 2541 Shiloh Springs Road, Trotwood, Ohio 45426
        Attorneys for Appellees, Steven Price, Dar-Rion Price, Judith LaMusga and
        Lashonda Cook

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Appellant Saprena Riley appeals from an order of the Montgomery County

Common Pleas Court, Probate Division, overruling the magistrate's decision to appoint her as administrator of the estate of her deceased son, and appointing appellee Judith LaMusga administrator instead. She contends that the trial court abused its discretion by ignoring the magistrate's findings regarding witness credibility.

{¶ 2}    We conclude that the trial court did not ignore the magistrate's findings regarding credibility. The trial court reached a different legal conclusion in relation to those findings. We conclude that the trial court did not abuse its discretion, and that its decision is supported by the record. Accordingly, the trial court's order of appointment is Affirmed.

## I.    The Course of Proceedings

{¶ 3}    On March 1, 2012, the decedent, Dant'e Price, was killed after being shot multiple times. He died intestate, and the manner of his death is the subject of a wrongful death claim. He was survived by his mother, Saprena Riley; his father, Steven Price; and his minor son. LaShonda Cook is the mother of the minor son. She and Dant'e Price were never married.

{¶ 4}    Riley filed an application for authority to administer the estate of her son. Subsequently, Judith LaMusga, an attorney at law, also filed an application seeking to administer the estate. The competing applications were heard before a magistrate. At the hearing, Price testified that he did not trust Riley, and that they were in conflict with regard to their son's estate. Cook testified in the same vein. While Riley testified that her relationship with Price and Cook is good, and that any claim of conflict was incorrect, she also presented testimony indicating that some conflict did exist.

{¶ 5}    Thereafter, the magistrate issued a decision denying the application of LaMusga

and appointing Riley as administrator. The magistrate found that any conflict of interest between Cook and Riley was not relevant to the action, because Cook is not Dant'e Price's next of kin. While the magistrate found that a conflict between Riley and Price would be relevant, the magistrate found that Price had not presented credible evidence that Riley could not be fair and impartial, or that any "alleged mistrust or hostility between [them]" was of enough significance to prevent Riley's appointment.

{¶ 6} Cook, Riley, and LaMusga objected to the magistrate's decision. The trial court rejected the magistrate's decision and entered its own order denying Riley's request to be appointed and instead appointing LaMusga as Administrator. The trial court found that any conflict between Riley and Cook was relevant. The trial court further found that the evidence of hostility and conflict was sufficient to render Riley unsuitable for appointment. Riley appeals.

**II.   The Record Does Not Support Riley's Contention that the Trial Court**

**Failed to Undertake Independent Review of the Magistrate's Decision**

**(Which the Trial Court Did Not Adopt); and the Trial Court Did Not Abuse its Discretion**

**in Appointing LaMusga to Be the Administrator of the Estate**

{¶ 7} Riley's First and Second Assignments of Error state as follows:

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN THE COURT FAILED TO UNDERTAKE AN INDEPENDENT REVIEW OF THE DECISION OF THE MAGISTRATE TO WHICH THE PRICES OBJECTED.

THE TRIAL COURT ERRED IN REJECTING THE MAGISTRATE'S RECOMMENDATION THAT APPELLANT BE APPOINTED ADMINISTRATOR OF THE ESTATE OF DANT'E L. PRICE AND INSTEAD FINDING THAT ATTORNEY JUDITH LAMUSGA IS A SUITABLE PERSON TO ADMINISTER THE ESTATE AND THAT APPELLANT IS NOT A SUITABLE PERSON.

{¶ 8} Riley claims that the trial court did not conduct an independent review of the record when it reviewed the objections filed by Cook, because the trial court failed to defer to the magistrate's findings on credibility. Specifically, she argues that although the magistrate commented on Price's credibility and found that he did not present credible evidence disqualifying her appointment, the trial court did nothing to assess the credibility of the witnesses, but merely ignored the magistrate's credibility determination. She notes that the magistrate found that no credible evidence was presented demonstrating that she could not be fair and impartial. Thus, she argues that the trial court erred by failing to affirm the magistrate's decision finding her suitable for appointment.

{¶ 9} "When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate." *In re Anderson*, 2d Dist. Montgomery No. 25367, 2013-Ohio-2012, ¶ 14. In accordance with Civ. R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Id.* Thus, the trial court engages a *de novo* standard of review, and should not adopt the magistrate's factual findings unless it agrees with them. *Crosby v. McWilliams,* 2d Dist. Montgomery No. 19856, 2003-Ohio-6063, at ¶ 33-34. The trial court has discretion to determine whether to sustain or overrule an objection to a

magistrate's decision, and we will not reverse that determination absent an abuse of that discretion. *Wade v. Wade*, 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (11th Dist. 1996). For this court to find an abuse of discretion, we must conclude that the trial court's determination was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 10} Riley's argument is premised upon the claim that the magistrate's decision was based solely upon a determination of credibility and that the trial court must defer to that determination in light of its failure to hold further hearings in the matter. In support, she cites *Quick v. Kwiatkowski,* 2d Dist. Montgomery No. 18620, 2001 WL 871406 (Aug.3, 2001), for the proposition that "where a magistrate comments on credibility and the trial court does not take additional evidence as is authorized under Civ. R. 53(D)(4)(b), 'the judgment of the magistrate on issues of credibility is, absent other evidence, the last word on the issue for all practical purposes.' " *Id.* at *4.

{¶ 11} We disagree with Riley. "R.C. 2113.05 vests authority in the Probate Court to exercise discretion in determining if an applicant for letters testamentary is a suitable person; an order granting or refusing letters of appointment is reversible only upon a finding of an abuse of discretion." *In re Estate of Henne*, 66 Ohio St.2d 232, 421 N.E.2d 506 (1981), paragraph one of the syllabus. "In accordance with R.C. 2113.05, a 'suitable' person qualified for appointment as executor is an applicant who is reasonably disinterested and in a position to reasonably fulfill the obligations of a fiduciary." *Id.* at paragraph two of the syllabus. "While acknowledging deference to the testator's nomination of an executor, the court, in determining the limits of a reasonably disinterested applicant, may consider factors including, but not limited to: (1) the

nature and extent of the hostility and distrust among the parties; (2) the degree of conflicting interests and obligations, both personal and financial; and (3) the underlying and aggregate complexities of the conflict." *Id.* at paragraph three of the syllabus.

{¶ 12} Despite the magistrate's finding that Price presented no credible evidence that Riley cannot be fair and impartial or that any conflict is not significant enough to bar her appointment, we conclude that the trial court did not abuse its discretion when it found that the evidence in the record supports a contrary conclusion. For example, in the affidavit that Riley submitted with her application, she averred that she was prepared to "speak against" Price and Cook should they decide to oppose her application. She further averred that she was aware that both Price and Cook did not think that she could be "fair and impartial." During her testimony Riley admitted that there was "infighting" among the parties. After this action was commenced, Riley claimed that she "knew" that Dant'e Price's minor son was her grandson, despite the fact that Dant'e Price had not signed the birth certificate. However, she also gave testimony implying that it was possible that the child was not the decedent's. Once this action commenced, Riley began to contest Cook's ability to parent the minor son, going so far to make complaints to the Children's Services Agency about Cook, which, upon investigation, were not substantiated. She also began to claim that Cook was blocking her visitation with the child. Furthermore, Riley unilaterally hired an attorney to represent "the family," but when that attorney suggested that someone other than her should be appointed administrator, she then hired other counsel to pursue her appointment. There was also evidence that Riley made public claims to be representing the entire family, despite the fact that Cook and Price asked her to refrain from doing so. In sum, despite her claims that she, Cook, and Price got along and "were on the same

page," the evidence in the record before the trial court would support a contrary conclusion.

{¶ 13}    The magistrate did not find that there was no evidence of conflict between Riley and Price.    Rather, the magistrate found that Price's testimony failed to establish that the conflict was of sufficient magnitude to render Riley unsuitable as an administrator.    The magistrate found that any conflict between Price and Cook was not legally sufficient to bar her appointment.    In other words, the magistrate's decision was not based upon credibility but upon a legal conclusion. The trial court did not ignore the magistrate's findings of fact regarding credibility. Instead, the trial court, reviewing the same evidence in the record, found that there was a conflict of interest, which rendered Riley unsuitable.

{¶ 14}    The trial court also disagreed with the magistrate's legal conclusion that the conflict between Riley and Cook was irrelevant.    The trial court cited a Ninth District Court of Appeals holding that "mutual hostility" between a person seeking appointment and the guardian of a distributee of the estate is relevant to a finding whether the person seeking appointment could "adequately represent the interests of the other."    *In re Estate of Roch*, 81 Ohio App.3d 161, 165, 610 N.E.2d 524 (9th Dist.1991). Evidence in the record before us supports a finding that after disagreement arose over Riley's appointment, Riley began a campaign to discredit Cook's parenting abilities.    Because Cook is the sole legal guardian of the sole legatee of the decedent's estate, who stands to benefit from any wrongful death action, we agree that her relationship with Riley is relevant.

{¶ 15}    The trial court did not abuse its discretion in finding that Riley's conflicts with Cook and Price were relevant to a finding of suitability.    There is evidence in the record to support the trial court's finding of conflict and hostility, and the trial court did not abuse its

discretion in finding that the conflict was of sufficient magnitude to render Riley unsuitable. Given that the parties stipulated the suitability of LaMusga, we find no abuse of discretion in the trial court's order granting her application to be the administrator.

{¶ 16}   Riley's First and Second Assignments of Error are overruled.


### III.   Conclusion

{¶ 17}   Both of Riley's assignments of error having been overruled, the order of the trial court appointing LaMusga administrator of the estate is Affirmed.

. . . . . . . . . . . . .


FROELICH, P.J., and DONOVAN, J., concur.


Copies mailed to:

James R. Greene, III
Valerie L. Colbert
Sam G. Caras
Mitchell J. Anderson
Dennis Gump
Hon. Alice O. McCollum