[Cite as *In re Estate of Wilson*, 2021-Ohio-1056.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: ESTATE OF HAROLD E.
WILSON, DANIEL WILSON

    Appellant

    v.

ANDREW H. WILSON

    Appellee

C.A. No.     29738

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014 04 2164

DECISION AND JOURNAL ENTRY

Dated: March 31, 2021

TEODOSIO, Judge.

{¶1} Daniel L. Wilson appeals the judgment of the Summit County Court of Common Pleas, Probate Division, overruling his objections and adopting the magistrate's decision denying Daniel's application to be the executor of the estate of Harold E. Wilson. We affirm.

I.

{¶2} Harold E. Wilson passed away on March 2, 2019, and a copy of his will was admitted to the probate court in August 2019. The will nominated the decedent's son, Daniel L. Wilson, to be the executor. The will further bequeathed the decedent's property to Daniel as the trustee of the Harold E. Wilson Revocable Trust Agreement. Andrew H. Wilson, also a son of the decedent, filed an objection to naming Daniel as executor and initiated a separate action to contest the will. The complaint alleged a series of claims against Daniel and others, including undue influence, fraud, intentional interference with the expectancy of inheritance, civil conspiracy, and breach of fiduciary duty.

**{¶3}** An evidentiary hearing was held before the magistrate, who subsequently issued a decision finding that Daniel was not a suitable and reasonably disinterested person to serve as the fiduciary of the estate. Daniel filed objections to the magistrate's decision, and on March 23, 2020, the probate court entered judgment overruling the objections and adopting the decision of the magistrate. Daniel now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCETION IN DETERMINING THAT DANIEL L. WILSON WAS NOT SUITABLE TO BE THE DECEDENT'S EXECUTOR AND ORDERING THE APPOINTMENT OF A THIRD PARTY WITH NO CONNECTION TO THE DECEDENT.

**{¶4}** In his assignment of error, Daniel argues the trial court erred in determining that he was not suitable to be the executor of his father's estate. We disagree.

**{¶5}** "[T]he decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009–Ohio–3788, ¶ 5. However, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049–M, 2009–Ohio–3139, ¶ 18.

**{¶6}** This Court has held that "[a] testator has the right to name his or her fiduciary and the law is very protective of a testator's choice." *In re Estate of Horton*, 9th Dist. Summit Nos. 20695 and 20741, 2002 WL 465428, *2 (Mar. 27, 2002). R.C. 2113.05 establishes the procedure for appointment of an executor named in a will and provides in pertinent part: "When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will * * * if the executor * * * is suitable, competent, accepts the appointment, and gives bond if that is required." In construing R.C. 2113.05, the Supreme Court of Ohio has held that the statute

vests in the probate court the authority to exercise discretion in determining who is a suitable person to manage an estate. *In re Estate of Henne*, 66 Ohio St.2d 232 (1981), paragraph one of the syllabus. The determination of a "suitable person" is reversible only upon finding an abuse of discretion by the probate court. *In re Estate of Roch*, 81 Ohio App.3d 161, 164 (9th Dist.1991). An abuse of discretion implies the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} In order to be qualified for appointment as executor, a "suitable person" must be "reasonably disinterested and in a position to reasonably fulfill the obligations of a fiduciary." *Henne* at paragraph two of the syllabus. The Supreme Court of Ohio further stated:

> While acknowledging deference to the testator's nomination of an executor, the court, in determining the limits of a reasonably disinterested applicant, may consider factors including, but not limited to: (1) the nature and extent of the hostility and distrust among the parties; (2) the degree of conflicting interests and obligations, both personal and financial; and (3) the underlying and aggregate complexities of the conflict.

*Id.* at paragraph three of the syllabus.

{¶8} In his brief to this Court, Daniel states that any conflict arising between the parties "is of Andrew's own making" due to the litigation filed by Andrew. Daniel further contends that because he makes no claim to ownership of any of Decedent's assets, there is no adversity between him and the Estate. We note, however, that adversity between the executor to be appointed and the Estate itself is neither a precondition for, nor determinative of, whether a nominated executor is "reasonably disinterested."

{¶9} In the case sub judice, the trial court found as follows:

The record shows that Daniel Lee Wilson limited his brother Andrew's access to his father at the end of his father's life (though he says it was at his father's request). There is a pending will/trust contest filed by Andrew on August 5, 2019, wherein Andrew alleges inter alia, Daniel exerted undue influence over their father causing him to change the will and trust. Thus, Daniel and Andrew are now opposing parties in a lawsuit. The outcome of the will/trust dispute will greatly affect the amount each receives from his father's estate. Further, Daniel admits that "family tensions" prevented him from contacting his brother Andrew when Andrew's son passed away in April 2019. Andrew testified that he does not trust Daniel.

Because of the numerous conflicts between the brothers the Court finds that Daniel Lee Wilson is not a suitable and reasonably disinterested person to serve as fiduciary of the Harold E. Wilson estate pursuant to R.C. 3113.05.

{¶10} It is apparent from the probate court's judgment entry that it considered the nature and extent of the distrust between the brothers and their conflicting interests, both personal and financial. *See Henne* at paragraph three of the syllabus. Daniel's argument that any conflict was purely of Andrew's own making does not alter the finding that a dispute existed. Likewise, Daniel's statement that he would receive less under the most recent version of the Trust offers little relevance to the question of whether he was "reasonably disinterested." Daniel has failed to show any abuse of discretion on the part of the probate court in adopting the magistrate's decision.

{¶11} Daniel also contends that Andrew lacks standing to make an objection to the appointment of Daniel as executor, but fails to develop any argument to that effect. In support of his contention, Daniel states: "No one receives anything under the Will or any prior version of the Will since 2016 other than the Trustee of Decedent's Trust, which is Daniel." This statement alone is insufficient to establish that Andrew lacked standing to object to the appointment of the executor.

{¶12} Furthermore, in finding that a creditor did not have standing to object to an executor, this Court has previously observed the following distinction between a creditor and next of kin for the purpose of filing an objection to the appointment of an executor:

[A]lthough R.C. 2113.05 and 2113.07 do not expressly authorize anyone to file objections, R.C. 2113.07 does require the person filing an application for

appointment as executor to include the names and addresses of the surviving spouse and next of kin, suggesting that they will be given notice and an opportunity to be heard. R.C. 2113.18 expressly authorizes the surviving spouse, children, or other next of kin to file a motion to remove the executor after appointment.

*In re Estate of Horton*, 9th Dist. Summit Nos. 20695 and 20741, 2002 WL 265428, *3 (March 27, 2002). Conversely, Daniel has not pointed to any precedent indicating that a family member must be named in a will in order to have standing to object to the appointment of an executor. Daniel has thus failed to offer an analysis establishing that Andrew did not have standing to object.

{¶13} This Court finds no abuse of discretion by the probate court in overruling Daniel's objections to the magistrate's decision. The assignment of error is therefore overruled.

III.

{¶14} The assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

WOODS KING, III and JOHN A. HALLBAUER, Attorneys at Law, for Appellant.

JOSEPH K. OLDHAM and JENNIFER J. OLDHAM, Attorneys at Law, for Appellee.

LAWRENCE J. SPOLJARIC, Attorney at Law, for Interested Party.