## BOWMAN, Estate of, In re.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23809. Decided May 16, 1957.

James B. Dolphin, William H. Wentzlaff, for plaintiff-appellant.
Sylvester Marx, for defendant-appellee.

## OPINION

By SKEEL, PJ.:

This case is now before us for consideration for the third time, twice on appeal and now because we granted a motion for rehearing.

The question of the right of the Probate Court to appoint one, other than the person named in a will, to administer the estate of a decedent on the ground of self-interest is here presented.

Clayton A. Bowman died about May 1, 1954. The appellant survived him as his widow. The appellee claims to be a son of the decedent by his first wife, Helen Weymark Bowman, who died in February or March 1939. Upon the death of his mother, he became the owner of an undivided one-half interest in the residence of Clayton A. Bowman and his deceased wife; that Clayton A. Bowman managed the property (it being in part income property) until his death in 1954; and that by reason thereof, more than $15,000 is due the appellant from the estate of his father.

The will of Clayton A. Bowman names the appellant, Helen Marie Bowman, Executrix of his Estate. The appellee objected to her appointment because of self-interest. The Probate Court, upon hearing the application for appointment of the appellant as executrix, and the appellee's objections thereto, overruled the objections and appointed Helen Marie Bowman, Executrix of the Estate of Clayton A. Bowman. An appeal was taken to this court where the order appointing the appellant executrix was reversed for error of law in excluding evidence and the cause remanded for further proceedings.

Upon retrial, the Probate Court found "that the applicant, Helen Marie Bowman, is not a suitable person to be appointed Executrix of this Estate." This entry was appealed by the appellant to this court where the foregoing entry was affirmed, one judge dissenting for the reason that this court could not say, upon a careful reading of the record, that the Probate Court abused its discretion in refusing the appellant's application for appointment as executrix as directed by the will of the decedent.

Thereafter this court granted a rehearing. The bill of exceptions shows:

1. There are no assets in the estate.

2. There are a number of debts of the decedent being paid by the appellant out of her own funds.

3. The appellee is a devisee under the decedent's will wherein he is designated as "my son."

4. The appellee is a claimant against the estate, said claim having been presented and refused and an action filed thereon in the Court of Common Pleas against the appellant as an individual and in her capacity as executrix.

5. The appellant claims title to the real estate of the decedent having a value of $20,000 above the mortgage claims against it of $3,000 at the time of the decedent's death.

6. Title to said property was of record in the decedent's name at the time of his death. That the appellant was handed the deed to such property, naming her as grantee, two days after decedent's death, by her sister-in-law. That she did not know of such deed before the grantor's death and before it was called to her attention by her sister-in-law and that she thereupon filed it for record about three days after the grantor's death.

It is clear, therefore, that should the appellee prevail in sustaining his claim against the estate that the only source from which payment of the claim could be enforced would be by setting aside or attempting to set aside the transfer of the decedent's interest in the property to appellant by the above described deed. Under these circumstances, the appellant, as executrix, would be a necessary party as executrix in an action against herself seeking to set aside the deed which she recorded and under which she now, by her testimony in the record, claims absolute ownership of the property.

The trial court found that the appellee was a claimant as well as a devisee, claiming an interest "adverse" to the appellant. The appellant was held likewise to have adverse interests against the property amenable to the payment of his claims if and when established.

Sec. 2113.05 R. C., provides:

"When a will is approved and allowed, the probate court shall issue letters testamentary thereon to the executor named in such will, if he is suitable, competent, accepts the trust, and gives bond if that is required. If no executor is named in such will, the court shall grant letters of administration with the will annexed to some suitable person."

This section vests discretion in the court to determine whether the person named in the will as executor or executrix is not only a competent person but also a "suitable * * * person." This power was vested in the court by the amendment of the statute effective September 2, 1935. The cases cited prior to that date cannot now be relied upon as authority under the statute as amended. In Addams & Hosford's Probate Practice Manual, the authors present the following comment under this section:

"Until this statute was amended in 1935, it provided that the person named in the will should be appointed if legally competent, but it failed to provide, as do statutes of many of the other states, what is to be considered to be legal competence. Under the statute, as it thus formerly existed, it was thought by some that where such objections existed against the appointment of the person as would justify his removal by the court after his appointment that would be sufficient reason to refuse to appoint him in the first instance. It was, however, held by several probate courts in Ohio to the contrary; and that, under the common law rule, which prevails in Ohio, none were legally incompetent except minors, idiots and insane persons. And that where the person was not thus legally incompetent, he was entitled to receive the appointment."

It is true there are a number of collateral questions which must be decided before the appellee's right to share in the estate will be con-

sidered, such as the appellee's status as a son of the deceased, as well as the ownership of record of an interest in the property of the decedent's first wife coming to appellee by descent. Likewise, there is the question of the title of the decedent to such property and the sufficiency of the deed to the appellant to make out a gift. But these questions are not to be decided upon at this point in the administration of the estate but such disputed claims create circumstances which should be considered in passing on the "suitability" of the appellant because of such conflicting interests to be appointed executrix of the estate.

We must come to the same conclusion as before that the appointment of one named in a will as executrix, admittedly otherwise competent, is not entitled to the trust, as a matter of right, if she is not, because of conflicting interests, a "suitable" person under the circumstances. This question requires the exercise of sound discretion by the court passing on the question, and upon the record in this case, we cannot say that the court abused its discretion in refusing appellant's application to be appointed executrix of this estate.

Judgment affirmed. Exceptions. Order see journal.

HURD and KOVACHY, JJ, concur.