232

IN RE ESTATE OF HENNE, DECEASED.

(No. 80-947—Decided May 27, 1981.)

*Messrs. Davidson, Heckler, Riggs & Spahr, Mr. Walter P. Davidson* and *Mr. Jeffrey P. Kelbley,* for appellants.

*Messrs. Christie & Christie, Mr. Robert J. Christie* and *Mr. Donovan Lowe,* for appellee.

LOCHER, J.  Appellants assert three interrelated propositions of law, which, for purposes of discussion herein, shall be consolidated.

Appellants contend, in essence, that, since R. C. 2113.05 vests the Probate Court with discretion to determine the suitability of a named executor, the appellee should be denied the appointment, because the Probate Court determined that hostility exists between the parties and because the appellee is executrix and primary beneficiary of a will currently in dispute, which will affect her suitability as executrix in this estate.

Stated otherwise, the issue's central theme is whether the appellee's interest or position, or both, as executrix of the Mercer estate are so adverse to the interests and beneficiaries of the Henne estate as to classify her as unsuitable as executrix of the Henne estate.

We find merit in this contention.

The resolution herein is predicated on the application of R. C. 2113.05 and is limited to appellee's suitability, and not competency, to serve as executrix of the Henne estate.

R. C. 2113.05 reads, in part, as follows:

"When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will, if he is *suitable* * * *." (Emphasis added.)

The Court of Appeals, in *In re Estate of Young* (1964), 4 Ohio App. 2d 315, 320, stated that:

"[A] * * * probate court [has] the authority to exercise reasonable discretion in determining if an applicant for letters testamentary is a competent and suitable person, and an order granting or refusing letters [of appointment] is reviewable for *abuse of discretion.*" (Emphasis added.)

The Probate Court fashioned a two-pronged rationale for its determination of appellee's unsuitability. First, the court determined that there exists hostility and distrust between the parties, and, secondly, that appellee, who has a substantial

pecuniary interest in the outcome of the will contest action in the Mercer estate, has a conflicting interest.

The word "suitability" is not defined by statute, and, therefore, its limits are only established by and through case law analysis.

The court, in *In re Estate of Young, supra,* discussed an issue similar to the one presented herein and gives a well versed insight as to the ramifications of "suitability." The court, at pages 321-322, stated:

"It is also clear that the mere fact of a personal interest which is adverse and antagonistic to that of the estate or of the beneficiaries of the estate is not alone and, as such, a disqualification for appointment. See 18 A.L.R. 2d 633, at 634. The Ohio statutes recognize that an executor or administrator may have a claim against the estate.* * *

"It is equally clear, particularly in states like Ohio where suitability is a criterion, that 'an adverse interest or standing may warrant or require the refusal of the appointment, depending upon the nature or extent of such interest, the relationship of the parties, or other circumstances involved in the particular situation.'* * *
" * * *

"In view of these principles, no specific rule capable of certain application to all cases can possibly be developed. However, the general criteria are most apparent. The fiduciary nature of the executor's position is clear and the obligations which arise out of that confidential relationship are apparent. The law generally required that a fiduciary be a person completely disinterested, both personally and as between beneficiaries. On the other hand, the law gives deference to the confidence a testator has placed in a particular person. This is particularly appropriate where the fiduciary is to exercise personal judgment on investments, business management or, as with testamentary trustees, the distribution of funds. The 'suitable' provision of the statute deals with the problem * * * of a conflict between these two policies of the law. In our opinion, it contemplates that to be suitable a person must be *reasonably disinterested.* Where adverse and antagonistic interests conflict with the fiduciary position, the question

becomes one of weighing the degrees of conflict under all the surrounding circumstances.***" (Emphasis added.)

See, also, *In re Estate of Bowman* (1957), 76 Ohio Law Abs. 597.

The standard espoused is whether the applicant is *"reasonably disinterested"* and in a position to *"reasonably fulfill"* the obligations of a fiduciary.

The conflict of interest and the underlying aggregate circumstances therein, in both *Young* and *Bowman, supra,* are not as egregious or as well founded as in the instant cause for a finding of unsuitability. Even a cursory review of the record herein denotes ample support of the decision of the Probate Court, and, therefore, it is clearly an abuse of discretion for a reversal of that decision by the Court of Appeals.

R. C. 2113.25 states, in pertinent part, as follows:

"So far as he is able, the executor or administrator of an estate shall collect the assets and complete the administration of such estate within nine months after the date of his appointment."

Appellee, who is already the executrix and primary beneficiary of the Mercer estate, cannot, as executrix of the Henne estate, make an objective decision whether to actively contest the Mercer will. Monetary conflicts are a consideration for a finding of unsuitability. If the Mercer will is set aside, the ultimate pecuniary loss to the appellee will be approximately $88,000 (see footnote 3, *supra*).

In addition to the foregoing, the finding of extreme hostility and distrust among the parties, along with all the underlying implications, mandates that appellee be denied the appointment.

In *Steinberg* v. *Central Trust Co.* (1969), 18 Ohio St. 2d 33, this court was pressed with a parallel dilemma of conflicting interest of appointed fiduciaries. In paragraph two of the syllabus, the court stated:

"A person named executor under a will, who qualifies and accepts appointment as such executor, can not maintain an action to contest the will under which he has accepted appointment as executor. (*Allison* v. *Allison*, 15 Ohio St. 2d 44, approved in part and overruled in part.)"

The court, at page 36, further reasoned that:

"***[A] fiduciary***has an obligation to impartially carry out the provisions of the will***[and] should not, therefore, be permitted to***[be placed] in a position of conflict with that obligation by becoming the petitioner in an action to set aside the will under which***[the fiduciary] has accepted appointment and is serving as co-executor."

In *Steinberg,* the executor had not initiated a will contest action but had concurred in the will contest action in the prayer for judgment as a defendant.

The culmination of *Steinberg* was a finding of unsuitability of the executor. A parallel to *Steinberg* can easily be made to the instant cause. Appellee, as executrix of the Mercer estate, has an obligation to uphold and defend the provisions of the will. She should not be permitted to place herself in a position of conflict with that obligation by becoming executrix of the Henne estate, which is a defendant in the Mercer will contest action.[5]

The dichotomy created by appellee serving as executrix in two interrelated estates, which, by a twist of circumstances, have become extremely emotionally and financially intertwined, clearly supports the Probate Court's determination of appellee's unsuitability.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.[6]

*Judgment reversed.*

---

[5] If the Mercer will is set aside, Mrs. Henne and currently her estate is entitled to an intestate distribution. Pursuant to R. C. 2107.73, Mrs. Henne was a named defendant, since she was a necessary and interested party in the will contest action. The executor of the Henne estate assumes the responsibility in the stead of the deceased Mrs. Henne.

[6] The Court of Appeals, reversing the lower court, relies heavily upon the rationale espoused in *In re Estate of Nagle* (1974), 40 Ohio App. 2d 40. The facts herein display a more evident and pronounced conflict of interest.

Furthermore, the Court of Appeals, which properly gave great deference to the testator's wishes, concluded that Mrs. Henne could have altered her will, removing appellee as executrix of her will, when she became aware of the will contest action of her sister's estate.

The fact of the matter is that Mrs. Henne was legally adjudged mentally incompetent prior to the commencement of the Mercer will contest action and, therefore, could not legally alter the directions of her properly executed will due to her legal disability.

To further buttress the notion that Mrs. Henne, at the commencement of the

CELEBREZZE, C. J., POTTER, PALMER and HOLMES, JJ., concur.

W. BROWN and C. BROWN, JJ., dissent.

POTTER, J., of the Sixth Appellate District, sitting for P. BROWN, J.

PALMER, J., of the First Appellate District, sitting for SWEENEY, J.

CLIFFORD F. BROWN, J., dissenting. The Probate Court refused appointment of appellee Bertha L. Buckley as executrix of the Henne estate based on its finding of an alleged conflict of interest. The Probate Court found appellee personally and as executrix of the estate of Bessie Mercer has an interest in the will contest action which that court believed to conflict with her interest in the Henne estate, so that under the circumstances, she is an unsuitable person to serve as fiduciary of the Henne estate and is disqualified by R. C. 2113.05.

The Bertha Henne estate in Washington County will not be benefited in any manner by the results of the will contest action which seeks to set aside the Bessie Mercer will in Morgan County. The only persons who will benefit from setting aside the Bessie Mercer will are the residuary beneficiaries of the Bertha Henne estate. These residuary beneficiaries are parties in their own right in the Morgan County legal action. These residuary beneficiaries are in a position to control the tactics, strategy and vigor of the Mercer will contest action, and need no help or cooperation from appellee Bertha L. Buckley either in her individual capacity or as executrix of the Henne estate. *Ergo,* there is not even a remote possibility of conflict of interest between appellee as executrix of the Henne estate and her interest in the Mercer

---

Mercer will contest action, was not aware of any potential conflict of interest by her nomination of appellee to serve as executrix of her estate, her sole residuary beneficiary was her then deceased sister, Mrs. Mercer. If Mrs. Henne were legally competent to alter her will or even if she were aware of a potential conflict, she would probably have changed her residuary beneficiary as well as her nomination of executrix and thereby have avoided this whole cause.

estate, and thus no consequent negation of her "suitability" as executrix of the Henne estate.

*Allison* v. *Allison* (1968), 15 Ohio St. 2d 44, and *Steinberg* v. *Central Trust Co.* (1969), 18 Ohio St. 2d 33, the staunch pedestal for the reversal of the Court of Appeals by this court, are inapposite by reason of the vast factual differences in the facts in the case *sub judice*. *Allison* and *Steinberg, supra,* both properly held that one who accepts appointment as an executor under a will may not contest the *same* will. I would reach the same conclusion as this court did both in *Allison* and *Steinberg, supra.* Those two cited cases, however, have no parallel or remote resemblance to the *Henne* case.

The cited cases upon which appellants rely, namely, *In re Estate of Bowman* (1957), 76 Ohio Law Abs. 597, and *In re Estate of Young* (1957), 4 Ohio App. 2d 315, both decisions of courts of appeals, stand for the twin propositions that a Probate Court has authority to exercise reasonable discretion in determining whether an applicant for letters testamentary is a suitable person, and that such an order granting or refusing appointment is reviewable for abuse of discretion.

In the case *sub judice,* the Court of Appeals, in effect, correctly applied the legal principles and standards of *Allison, Steinberg, Bowman* and *Young, supra,* in reaching its conclusions "that the evidence supporting a conflict of interest in the appellant does, not warrant the lower court's decision of unsuitability," and that "[t]he decision upon appeal is an abuse of the court's sound discretion." The Court of Appeals also correctly observed, in support of its foregoing conclusions, that the Probate Court's "perception of a conflict of interest does not gel with decedent's apparent earlier decision not to enter the will contest. Decedent was aware of the Mercer contest prior to her death and still chose appellant as her executrix. Aware of the potential conflict Mrs. Henne still exercised a testamentary choice of appointment."

The term "suitable person" in the statute means a person who is considered to have the capacity and will to discharge duties in a particular case with fidelity and efficiency. *In re Estate of Nagle* (1974), 40 Ohio App. 2d 40, 44; *Grossman* v. *Grossman* (1962), 343 Mass. 565, 568, 179 N.E. 2d 900. Bertha L. Buckley fulfilled the definition of "suitable person."

Therefore the judgment of the Court of Appeals should be affirmed.

W. BROWN, J., concurs in the foregoing dissenting opinion.