ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
Appellant, Andrew C. Putka, appeals from the probate court's failure to appoint him the executor of his father's estate as designated in his father's Last Will and Testament. We find no merit to the appeal and affirm the lower court's judgment.[1]
Andrew G. Putka died on June 27, 1994, and is survived by his two adult children, appellant, Andrew C. Putka, and the appellee, Jeanne Carrick. The decedent's will was executed on February 22, 1973, and designated the appellant to serve as the executor of the estate. Three specific bequests were contained within the will, with the remainder of the estate to be divided equally between the appellant and appellee. Appellant alleged that before his father passed away, he had several years earlier conveyed title to his residence to the appellant. The decedent also had several joint survivorship accounts, some of which he held with appellant and some of which he held with the appellee.
On November 5, 1995, the appellant and appellee divided the decedent's property between themselves and executed a settlement agreement and mutual release. However, approximately a year and a half later, the appellee executed and filed an affidavit of fact with the probate court asserting that she had an interest in the decedent's residence. Appellee also alleged that despite her repeated requests to submit the will for probate, appellant had failed and refused to do so. Appellant maintains he had no notice of this affidavit of fact until March 6, 1998, which prompted him to file a declaratory judgment action in the court of common pleas asserting his right to the property. According to appellant, this declaratory judgment action is still pending in the court of common pleas.
On July 28, 1998, Attorney Thomas Pahys, co-counsel for the appellee regarding the common pleas action, filed an application to administer the decedent's estate. The appellant objected to Pahys' appointment. By way of compromise, both sides agreed to the appointment of an independent administrator, Hugh Carlin. Attorney Carlin proceeded to administer the estate and filed an inventory in April of 1999. It was not until September 2, 1999, that the appellant presented Carlin with the decedent's Last Will and Testament. The will was thereafter admitted to probate and the probate court, on its own motion, vacated Carlin's appointment as administrator. Carlin thereafter filed an application to be appointed as administrator of the will. Appellant in response filed an application to be appointed the executor of the will as designated by his father in the will.
On November 23, 1999, a hearing was conducted before a magistrate on both of these applications. No court reporter was present at the hearing, so we have no transcript of these proceedings. The magistrate issued his report on December 23, 1999, and found that due to the appellant's conflict of interest in the ongoing litigation regarding the intervivos transfer of decedent's property and the appellant's delay in probating the decedent's will, that the appellant's application should be denied, and Carlin's application to be administrator was granted. On January 4, 2000, appellant filed objections to the magistrate's report, and the trial court thereafter held a hearing on the objections. The trial court subsequently adopted the magistrate's recommendations on April 11, 2000.
The appellant timely appeals from this order, asserting three assignments of error. We will address the appellant's assignments of error in the order asserted and together where appropriate.
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO MAKE AN INDEPENDENT, DE NOVO REVIEW OF THE FINDINGS AND RECOMMENDATIONS OF THE MAGISTRATE.
Appellant argues that because the probate court's order adopting the magistrate's recommendations is brief, the trial court failed to review the magistrate's recommendation de novo. We find no merit to this argument.
Civ.R. 53(E)(4)(b) states in pertinent part:
 Upon consideration of any objections, the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter.
In the case herein, the trial court complied with the above rule. The court stated in its order that along with reviewing the entire file and the magistrate's report that it heard oral arguments on the objections to the magistrate's report.
We also note that the rule no longer requires the trial judge to conduct an independent review prior to making a determination mandated by Civ.R. 53. Miele v. Ribovich (2000), 90 Ohio St.3d 439, 443. However, given that the lower court did hear oral arguments on the matter, we find that it did independently review the matter.
Appellant's first assignment of error is overruled.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO APPOINT APPELLANT EXECUTOR OF THE ESTATE OF ANDREW G. PUTKA.
 III. THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
We will address these assignments of error together, as they both deal with the probate court's refusing to appoint the appellant as the executor of the decedent's estate.
R.C. 2113.05 states in pertinent part as follows:
 When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will * * * if he is suitable. (Emphasis added.)
The Ohio Supreme Court in In re Estate of Henne (1981),66 Ohio St.2d 232, found that a person is suitable for the position of executor/executrix only if the person is disinterested and in a position to reasonably fulfill the obligations of the fiduciary. In determining whether a person is reasonably disinterested, the court may consider:
 (1) the nature and extent of the hostility and distrust among the parties; (2) the degree of conflicting interests and obligations, both personal and financial; and (3) the underlying and aggregate complexities of the conflict.
Henne, supra at 232, paragraph three of the syllabus.
In the case herein, there was evidence of hostility and distrust among the parties as the appellee is accusing the appellant of engaging in an intervivos transfer of their father's property in order to keep her from receiving her equal portion of the residence upon his death. If the appellee proves this is true, the appellant will be subjected to significant financial loss.
The test to be applied by an appellate court concerning the probate court's removal of an executor/executrix is whether or not the probate court abused its discretion. In re Estate Henne, supra. Under the circumstances, we find the probate court did not abuse its discretion when it appointed an independent administrator because there exists a conflict of interest between the appellant's administering the estate and his interest in the real property. Such a conflict of interest is sufficient to find he is not reasonably disinterested as stated in In re Estate Henne, supra.
We need not address whether the settlement and release entered into by the parties is valid or whether the appellee is disinherited by contesting the appointment of the appellant as the executor, because these questions are related to the declaratory judgment action pending in the court of common pleas and the probate of the decedent's Last Will and Testament, which are both beyond the scope of our review at this time.
Appellant's second and third assignment of errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas Probate Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and JAMES D. SWEENEY, P.J., CONCUR
[1] Although there is a split among the appellate districts regarding whether the appeal from the designation of the executor is a final appealable order, this court in In re Estate of Janet N. Price (Oct. 26, 1995), Cuyahoga App. No. 68628, unreported, has held that such an appeal is a final order because it is an appeal from a special proceeding and affects a substantial right.