OPINION JUDGMENT ENTRY
{¶ 1} Appellant Claude Janes appeals a judgment of the Court of Common Pleas, Probate Division, of Morgan County, Ohio, which removed him as Executor of the Last Will and Testament of Ruth E. Janes, deceased. Appellant assigns four errors to the trial court:
 {¶ 2} "The trial court committed reversible error by finding that claudia staley had standing to request that the executor of the estate of ruth e. janes be removed.
 {¶ 3} "The trial court committed reversible error by basing its decision to remove claude janes as executor of the Estate of Ruth E. Janes on facts that were not offered, proffered, admitted, or stipulated into evidence.
 {¶ 4} "The trial court committed reversible error when it took judicial notice of filings in cases other than the immediate case under review and facts which are outside the scope of Ohio Evid. Rule 201.
 {¶ 5} "The trial court committed reversible error by finding that claude Janes was not "suitable" pursuant to ohio Rev. Code2113.05 and removing him as executor of the Estate of Ruth E. Janes because it misinterpreted both Ohio Rev. Code 2113.05 and the term suitable as further defined by case law."
 {¶ 6} In its journal entry of November 7, 2003, the trial court made written findings of fact and conclusions of law. The court found appellant Claude A. Janes is the father of Claudia Staley. Claudia Staley is president and sole owner of Alan Stone Company, Inc. During her lifetime, Ruth E. Janes had directly transferred to her daughter Claudia Staley certain shares of stock in Alan Stone Company, Inc. The remainder of the shares of stock in the company owned by Ruth E. Janes were transferred to Claudia Staley by Claude Janes through a power of attorney signed by Ruth E. Janes on February 18, 1992. On February 26, 2003, after having been removed as secretary-treasurer of Alan Stone Company, Inc., Claude Janes attempted to withdraw over $3,000,000 in company assets from the Zanesville offices of Merrill-Lynch, and wrote a check to himself for over $1,800,000 from the liquidated assets of Alan Stone Company, Inc. On February 27, Claude Janes locked out all Alan Stone Company employees from the offices in Chesterhill, Ohio. On February 28, 2003, Claudia Staley obtained a temporary restraining order on behalf of the company in order to permit the company employees to return to their business offices.
 {¶ 7} On April 22, 2003, Claude Janes applied for authority to administer and re-open the Estate of Ruth Janes. In his affidavit attached to the application to re-open the estate, Claude Janes testified Ruth E. Janes began to show signs of Alzheimers disease as early as 1990. Ruth Janes was diagnosed with Alzheimers disease on January 7, 1992, and thus was incompetent on February 18, 1992, when she executed the power of attorney and her last will and testament.
 {¶ 8} Claude Janes further testified in his affidavit his daughter, Claudia Staley, was guilty of possible criminal acts and other wrongdoing in her capacity as President of Alan Stone Company, Inc.
 {¶ 9} On April 23, 2003, the court re-opened the Estate of Ruth E. Janes and Claude Janes was appointed executor of the estate. On June 13, 2003, Claudia Staley filed a motion to remove him as executor.
 {¶ 10} Certain other facts are pertinent. Ruth Janes died on February 4, 1999, and her will named her husband, appellant Janes, as the executor of her estate. Janes successfully administered the estate and it was closed.
 {¶ 11} Claude Janes' motion to re-open the estate claimed "newly discovered assets" with an approximate value of $8,000,000. After Claudia Staley filed her motion to remove Claude Janes as executor, Janes challenged Staley's motion for lack of standing, and opposed the motion. After a hearing on the matter, the trial court sustained Staley's motion, and this appeal ensued.
 I {¶ 12} In his first assignment of error, appellant argues the Probate Court was in error when it found Claudia Staley has standing in the Estate of Ruth E. Janes. The terms of Ruth Janes' will expressly bequeaths certain property to her spouse, appellant Claude Janes, and the residue passes to the Ruth E. Janes Trust.
 {¶ 13} The Trust Agreement executed by Ruth Janes names Claudia Staley as a beneficiary. This direct pecuniary interest gives Claudia Staley standing pursuant to R.C. 2113.07.
 {¶ 14} The first assignment of error is overruled.
 II III {¶ 15} In his second and third assignments of error, appellant urges the trial court committed error when it considered facts not offered into evidence at the hearing on the motion to remove him as executor. Both Staley and appellant attached affidavits to their pleadings. The affidavits contradicted each other.
 {¶ 16} As the trial court noted at the hearing, there were a number of pleadings filed in other actions between these same parties. The court stated it would take judicial notice of all the things filed in the common pleas court, even though in different divisions. The court found it was entitled to consider everything that had been filed in all divisions, because the judge was in a unique situation, being the judge in each division. The court found it had authority to take notice of its own public record and filings before it.
 {¶ 17} In response, appellant's counsel stated: "With regard to the other court records my concern was simply I hope you look at all the court records but there were certain things that were not done by the fiduciary. Specifically affidavits filed by Claudia which have nothing to do with the evaluation of Claude and his execution of duties as an executor. My concern was their affidavits floating out there that we have not had an opportunity to respond. It was never my intention to stipulate that the unchallenged and unresponded to affidavits of Claudia should in fact be brought into evidence. But the court will take them for what they are worth I am sure." T. of hearing, page 27. We find appellant cannot assign error to the court's taking judicial notice of matters before it, all be it in a case in a different decision. Appellant failed to object to the court's announcement it would review the evidence, and in fact, urge the court to look at all the court records. If this were error, it would certainly be invited error, but we find the court has authority to take judicial notice of matters pending before it.
 {¶ 18} Regarding the conflicting affidavits, appellant argues the trial court cannot base its findings of facts on any allegations because no one testified regarding those allegations. We find the trial court could assess the parties' affidavits in light of the other evidence.
 {¶ 19} The second and third assignments of error are overruled.
 IV {¶ 20} In his fourth assignment of error, appellant argues the trial court erred in finding Claude Janes was not suitable pursuant to R.C. 2113.05. The trial court's conclusions of law cite In Re: Estate of Henne (1981), 66 Ohio St.2d 232. InHenne, the Ohio Supreme Court found monetary conflicts are a valid consideration for finding unsuitability. The trial court found there was several million dollars worth of assets at issue. Also in Henne, the Ohio State Supreme Court found if an executor had conflicting or adverse interests which rendered the executor unable to make objective decisions, plus a finding of extreme hostility and mistrust amongst the parties, with all the underlying applications, then the person is unsuitable to be appointed an executor. The Henne court held our standard of error is abuse of discretion.
 {¶ 21} We find the trial court did not err or abuse its discretion in finding the relationship between Claudia Staley and Claude Janes was so extremely hostile and distrustful, and the interest of Claude Janes was potentially in conflict with the estate, that Claude Janes was unsuitable to act as executor.
 {¶ 22} The fourth assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Morgan County, Ohio, is affirmed.
Judgment affirmed.
Hoffman and Farmer, JJ., concur.
 {¶ 24} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Morgan County, Ohio, is affirmed. Costs to appellant.