OPINION
{¶ 1} Appellant, John Tomlan, appeals from a Belmont County Probate Court judgment denying his motion for discharge of administrator-appellee, Thomas Semple, and his application for authority to administer the Estate of Katherine Rice.
 {¶ 2} Appellant served as Rice's attorney for approximately the last ten years of her life. Rice was a resident at Manor Care nursing home where she lived until her death on December 25, 2002. As her power of attorney, appellant managed all of Rice's financial affairs in the years before her death. Rice executed her will on May 5, 1998, where she named appellant as the executor and appellant's wife as the alternate executor.
 {¶ 3} Following Rice's death, however, appellant failed to file an application to administer Rice's estate. Furthermore, she still owed money to Manor Care. Manor Care contacted appellee to determine how to collect the money owed to it.
 {¶ 4} Since it had been over a year since Rice's death and no estate had yet been opened, appellee filed an application to administer the estate. The probate court subsequently appointed appellee as administrator.
 {¶ 5} After learning from appellant that Rice may have left a will, appellee filed a motion for citation to produce Rice's will and a complaint for concealment of assets against appellant. Accordingly, the court issued a citation to appellant ordering him to appear and produce Rice's will at a hearing. Appellant then filed an application for authority to administer Rice's estate along with a motion to discharge appellee as administrator. After a hearing on the motions, the probate court issued a judgment entry holding that appellant was not a suitable person to serve as executor. The court also denied appellant's motion to discharge appellee. Appellant filed a timely notice of appeal from this judgment.
 {¶ 6} Appellant raises one assignment of error, which states:
 {¶ 7} "THE TRIAL COURT ERRED IN FINDING THAT THE LETTERS OF ADMINISTRATION ORIGINALLY GRANTED HEREIN AS OF AN INTESTATE ESTATE WERE NOT REQUIRED TO BE REVOKED WHEN DECEDENT'S WILL WAS SUBSEQUENTLY ADMITTED TO PROBATE."
 {¶ 8} Appellant argues that the trial court should have applied R.C. 2113.20 rather than R.C. 2113.18 in determining whether to remove appellee as administrator of Rice's estate. Appellant argues that the probate court should not refuse to appoint a person nominated in a will as an executor unless he is clearly disqualified under R.C. 2113.05. In reEstate of Nagle (1974), 40 Ohio App.2d 40, 43-44, 317 N.E.2d 242. Appellant also notes that the "law gives the testator the right to name his fiduciary." Id. at 45.
 {¶ 9} Additionally, appellant alleges that when appellee filed his application to administer Rice's estate, he was aware that Rice's will existed. However, appellant has presented no evidence to support this allegation.
 {¶ 10} R.C. 2113.05 gives the probate court authority to exercise discretion in determining who is a suitable person to manage the estate.In re Estate of Henne (1981), 66 Ohio St.2d 232, 421 N.E.2d 506, at paragraph one of the syllabus. We may only reverse a suitability determination upon a finding that the probate court abused its discretion. Id. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} In reviewing the probate court's judgment, the applicable statutes are R.C. 2113.20 and R.C. 2113.05. R.C. 2113.20 provides in part:
 {¶ 12} "If a will of a deceased is proved and allowed after letters of administration have been granted as of an intestate estate, the first administration shall be revoked, unless before such revocation a petition contesting the probate of such will is filed in the court of common pleas."
 {¶ 13} R.C. 2113.20 appears to require the probate court to revoke the first administration since the court found that the will was produced, filed with the court, admitted to probate, and "approved and allowed." However, appellant has no standing to raise the issue of revoking the first administration.
 {¶ 14} The statutes dealing with the appointment of an executor, R.C. 2113.05 and R.C. 2113.07, do not expressly authorize anyone to file objections to an individual's application to be appointed executor. In reEstate of Horton, 9th Dist. Nos. 20695, 20741, 2002-Ohio-1377. Where a part does not rely on a statutory invocation of the judicial process, the issue of whether the party has standing depends on whether he or she has alleged a personal stake in the case's outcome. Id., citing Middletownv. Ferguson (1986), 25 Ohio St.3d 71, 75, 495 N.E.2d 380, Sierra Club v.Morton (1972), 405 U.S. 727, 731-732, 92 S.Ct. 1361, 31 L.Ed.2d 636. "To have standing, a person must demonstrate an immediate, pecuniary interest in the subject matter of the litigation. A future, contingent or speculative interest is not enough." Id.
 {¶ 15} Appellant no longer has an interest in this case. Appellant's only interest is that he was named as the primary executor and is unqualified to be the executor. Because the probate court properly extinguished appellant's minimal interest in the estate, he has no standing to argue that the first administration should be revoked.
 {¶ 16} The critical issue in this appeal is whether appellant is a "suitable individual," within the context of R.C. 2113.05, to serve as executor. Appellant himself has limited the appeal to this issue. In his memorandum to the trial court in support of removing appellant as the administrator, appellant stated: "The only issue for this Court is to determine if the named executor is suitable to act as an executor." Because appellant failed to raise any issue concerning R.C. 2113.20 in the trial court, he has waived our review of such issue on appeal. It is axiomatic that a party's failure to raise an issue in the trial court waives the party's right to raise that issue on appeal. Mark v. MellottMfg. Co., Inc. (1995), 106 Ohio App.3d 571, 589, 666 N.E.2d 631. Thus, we will continue with our inquiry into R.C. 2113.05, which states in pertinent part:
 {¶ 17} "When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will or to the executor nominated by holders of a power * * *, or to the executor named in the will and to a coexecutor nominated by holders of such a power, if he is suitable, competent, accepts the appointment, and gives bond if that is required."
 {¶ 18} The Ohio Supreme Court has stated that a "suitable person" is one "who is reasonably disinterested and in a position to reasonably fulfill the obligations of a fiduciary." Henne,
66 Ohio St.2d at paragraph two of the syllabus. In addition, the court in Nagel held that "competency and suitability" are synonyms for words like "probity, honesty and uprightness in business relations with others." Nagle,40 Ohio App.2d at 45.
 {¶ 19} Thus, we must determine whether the probate court abused its discretion in determining that appellant was not a suitable person to administer the estate. The probate court found that appellant failed to file an application to administer the estate until over 17 months after Rice passed away. Appellant's only explanation for this delay was that he was emotional after Rice's death. (Tr. 5, 22). The court reasoned that if, "due to a variety of circumstances, including emotional distress, one cannot properly proceed according to the law, then one must step aside and allow others to take the necessary course of action." The court found that appellant's lack of action has caused undue delay in the administration of the estate to the detriment of the beneficiaries. It noted that the estate will owe excess taxes, penalties, and interest due to its untimely administration. The court further found that during the time appellant failed to file an application to administer the estate, other detriments have occurred to the estate including the payment of health insurance premiums after Rice's death, diminution in the value of Rice's real estate, and a bill to the funeral home left unpaid. Additionally, the court considered the fact that appellant only filed his application to administer the estate after appellee was appointed administrator and filed a complaint against appellant for concealment of assets.
 {¶ 20} We cannot conclude that the trial court abused its discretion in finding that appellant was unsuitable to administer Rice's estate. "The executor is a person charged by law with the responsibility of handling and closing the estate in a lawful manner, recognizing the estate's obligations to all those who may be interested in the estate, including creditors, taxing authorities and beneficiaries." In re Estateof Grey (March 13, 1979), 10th Dist No. 78AP-708. Appellant did not file an application for authority to administer the estate until over 17 months after Rice's death. While the law has not prescribed a time within which the person entitled to administration must apply, the application should be made within a reasonable time, depending upon the circumstances of each case. Todhunter v. Stewart (1883), 39 Ohio St. 181, 184, 9 W.L.B. 358. Here, appellant only filed his application after appellee filed a motion for citation to produce the will and a complaint against appellant for concealment of assets. As Rice's attorney and power of attorney, appellant was aware of a will, her financial situation, and the necessary duties surrounding the administration of her estate. Furthermore, as a result of appellant's failure to apply for administration, the estate incurred tax liability and penalties because tax returns had not been filed, Rice's home diminished in value, and health insurance premiums were withdrawn from her checking account after her death.
 {¶ 21} Although Rice nominated appellant as executor, it was not unreasonable for the probate court to conclude that appellant could not satisfy the "suitable" requirement of R.C. 2113.05. In contrast, the court noted that appellee was a suitable, reasonably disinterested individual to administer the estate. The court found that under R.C. 2113.18, appellee had not committed any acts to warrant removal. The evidence supports the court's decision. It demonstrated that appellee undertook many necessary duties after being appointed administrator. He opened an estate checking account, satisfied outstanding balances owed to a funeral home and Manor Care, sold the real estate belonging to the estate, and corresponded with the Internal Revenue Service to resolve income and estate tax problems. (Tr. 26-28). These duties were necessary because the estate was incurring tax liabilities, Rice's home had diminished in value, and the estate had outstanding balances with the nursing home and funeral home. He also filed a complaint for concealment of assets against appellant when he believed appellant was in control of certain estate assets to the detriment of the estate beneficiaries. Thus, the probate court's determination that appellee was a suitable person to administer the estate was not unreasonable, arbitrary, or unconscionable.
 {¶ 22} Accordingly, appellant's assignment of error is without merit.
 {¶ 23} For the reasons stated above, the probate court's judgment is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.