OPINION
{¶ 1} Defendant-Appellant, Bill L. Laffin, appeals the judgment of the Auglaize County Court of Common Pleas, Probate Division, which failed to appoint him as a co-executor of the Estate of Maxine J. Laffin-Appellee (hereinafter referred to as "Estate"). On appeal, Appellant asserts that the probate court erred when it required only him to post a bond to serve as a co-executor, which was contrary to the will of the Estate; that the probate court erred when it sustained an agreement between the parties to substitute a hearing to appoint executors of the Estate with a presentation of depositions of all involved parties; and, that the probate court erred in refusing to appoint him as a co-executor of the Estate because he failed post a bond. Based upon the following, we affirm the judgment of the probate court in part, reverse the judgment in part, and remand for further proceedings consistent with this opinion.
 {¶ 2} In October of 1992, Maxine J. Laffin executed her will leaving her entire estate equally to all six of her children, Rex Laffin, Karen Sue Smith, Rebecca Myers Matthews, Constance Nance, Kim Laffin, and Appellant. Additionally Maxine's will provided that all six of her children were "appointed as Co-Executors of [the Estate] to serve without the necessity of bond."
 {¶ 3} In August of 2004, Maxine passed away and was survived by all six of her children.
 {¶ 4} In May of 2005, Maxine's will was admitted to probate. Kim and Constance filed to be appointed co-executors of the Estate. Rebecca, Karen, and Rex all waived their appointment to administer the Estate. Approximately two weeks later, Appellant also filed to be appointed as an executor of the Estate.
 {¶ 5} In June of 2005, Kim, Constance, Rebecca, Karen, and Rex all moved to have an evidentiary hearing relative to the appointment of Appellant as one of the executors of the Estate. Specifically, they claimed that Appellant was not a suitable person to administer the Estate, and they objected to his appointment as either an executor or co-executor of the Estate. Additionally, the probate court held a hearing on the competing applications to be appointed executor of the Estate. In its entry, the probate court noted that Kim and Constance applied with the support of Rebecca, Karen, and Rex to be appointed co-executors and that Appellant applied to be appointed executor of the Estate with an objection filed to his appointment. Further, the probate court noted that the parties agreed to provide depositions and briefs to the court rather than having an evidentiary hearing to consider the competing appointments.
 {¶ 6} In July of 2005, all six children were deposed and cross-examined. Transcripts of the depositions of all six children were filed with the probate court and are part of the record. After all the depositions were completed, Appellant moved for an evidentiary hearing, because Appellant informed his counsel, during or after the taping of the depositions, that he had placed a digital recorder in a shirt pocket of a shirt that was hanging in a room where the six children held a meeting to discuss the disposition of the Estate, and Appellant claimed that the recording on the digital recorder would allow the probate court to discover that the other children were not telling the truth about the events of the meeting. Because of a hearing problem, Appellant alleged that he did not know what was actually recorded on the digital recorder.
 {¶ 7} In August of 2005, the probate court denied Appellant's request for an evidentiary hearing. Specifically the trial court stated, "Bill Laffin knew of this recording prior to the depositions and chose not to share it with his Attorney." (Aug. 19, 2005 Journal Entry). Additionally, the probate court appointed Appellant, Kim, and Constance as co-executors of the Estate, and specifically found that "there does not appear to be an actual conflict at this time." (Aug. 19, 2005 Journal Entry) (emphasis in original). Further, the probate court found that Appellant could not be appointed a co-executor without posting bond, because Appellant's application represented that the Estate owed him money and that he owed the Estate money. Therefore, the probate court ordered, "Pursuant to O.R.C. § 2109.04 * * * that Bill Laffin's appointment as co-executor is conditioned upon his posting bond in the amount of $284,800, which represents twice the amount of personal property plus the real estate rentals in his application." (Aug. 19, 2005 Journal Entry). Finally, the probate court stated that Appellant's failure to post a bond would result in his appointment being void and the administration of the Estate would go forward with only Kim and Constance as co-executors.
 {¶ 8} In September of 2005, Appellant moved for relief from judgment. In his motion, Appellant stated that he could not be bonded as one of three co-executors without the consent of the other two co-executors. Subsequently, the probate court ordered:
[Appellant], Kim Laffin and Constance Nance, make a jointapplication for bond in the amount of $284,800. Said bond shallbe paid for in its entirety by [Appellant]. Said bond will befiled with the Court by October 14, 2005. Failure to file thebond at that time, will result in the Court appointing only KimLaffin and Constance Nance without the requirement of bond.
(Sept. 23, 2005 Journal Entry)
 {¶ 9} On October 20, 2005, Appellant moved again for relief from judgment. In his motion, Appellant stated that the probate court's order delegated the power to obtain bond into the control of Constance and Kim, because he was unable to obtain a bond without their cooperation. Specifically, Appellant needed Kim and Constance to sign an indemnification agreement with the bonding company, but Kim and Constance refused to sign the agreement. Appellant requested that the probate court either appoint Kim, Constance, and him as co-executors without bond or appoint an independent third party as executor. Additionally, Constance and Kim filed a response to Appellant's motion, wherein, they admitted that they did not sign the indemnification agreement because they did not want to indemnify the bonding company should Appellant default on the bond. Also, Kim and Constance requested that the probate court deny Appellant's motion.
 {¶ 10} Subsequently, the probate court noted that Appellant failed to post bond by the date required and that Appellant's second motion for relief from judgment was filed after the date Appellant was required to post bond. Accordingly, the probate court denied Appellant's application for co-executor and "order[ed] that [Kim] and [Constance] be appointed as co-executors of the [Estate] and that they serve without bond." (Oct. 27, 2005 Journal Entry).
 {¶ 11} It is from this judgment Appellant appeals, presenting the following assignments for our review:
 Assignment of Error No. I The trial court erred when after approval of a Will toProbate, with three of the six children refusing and threechildren agreeing to accept appointment as co-executors, thetrial court approved two out of three nominated co-executors toserve without bond and required the other sibling who applied tobe co-executor to post a bond contrary to the Will which providedall the co-executors shall serve without bond.
 Assignment of Error No. II The trial court violated the Appellant's constitutional rightto due process of law when the trial court determined that anagreement in chambers to substitute a hearing for appointment ofexecutors with presentation of depositions of all involvedparties could not be withdrawn. Defendant demanded that there bean open presentation of evidence when he discovered during thedepositions that five out of the six siblings were not tellingthe truth and discovered that evidence, in fact, existed whichabsolutely proved that the deposition transcripts being filedwith the trial court contained false statements about thematerial fact which the trial court could use to evaluate whetherany of the parties were "suitable persons" to be appointedco-executors.
 Assignment of Error No. III The trial court erred in refusing to appoint Bill Laffin asco-executor of the Estate for a reason that is not specified inthe statute which would disqualify an otherwise legally competentand suitable person.
 {¶ 12} Due to the nature of Appellant's assignments of error, we will address them out of order.
 Assignment of Error No. II {¶ 13} In his second assignment of error, Appellant argues that his constitutional right to due process of law was denied when the probate court did not hold an evidentiary hearing. Specifically, Appellant argues that the probate court should have conducted an evidentiary hearing after he provided transcripts and copies of a digital recording, which allegedly impeaches the testimony of his brothers and sisters. We disagree.
 {¶ 14} By agreement of the parties, in lieu of an evidentiary hearing to determine the co-executors of the Estate, the matter was submitted on briefs, deposition testimony, and exhibits. The depositions were taken, pursuant to notice, by their respective counsel and cross-examined by opposing counsel. Also, the transcripts of all six children were filed with the probate court and are part of the record in this matter. It was not until the depositions began that Appellant notified his counsel of the recording, of which he had exclusive knowledge and possession for eleven months prior to the taking of the depositions.
 {¶ 15} First, Appellant agreed to submit briefs, deposition testimony, and exhibits in lieu of an evidentiary hearing. Also, during the depositions, Appellant had ample opportunity to cross-examine his brothers and sisters relative to the recording, but chose not to do so. Additionally, had Appellant notified his counsel of the recording, he would have had the opportunity to present his recording, which could have been cross-examined and explained. However, Appellant chose his course of action.
 {¶ 16} If the probate court erred in failing to hold an evidentiary hearing on these matters, it was clearly invited error. Accordingly, Appellant's second assignment of error is overruled.
 Assignment of Error No. I {¶ 17} In his first assignment of error, Appellant argues that the trial court erred when it required him to post bond in order to serve as a co-executor of the Estate, but did not require the same for the other co-executors. We agree.
 {¶ 18} R.C. 2113.05 gives the probate court authority to exercise discretion in determining who is a suitable person to manage an estate. In re Henne's Estate (1981),66 Ohio St.2d 232, at para. one of the syllabus. An order granting or refusing letters of appointment is reversible only upon a finding of an abuse of discretion. Id. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} R.C. 2113.05 provides in pertinent part:
When a will is approved and allowed, the probate court shallissue letters testamentary to the executor named in the will* * *, if he is suitable, competent, accepts the appointment, andgives bond if that is required.
 {¶ 20} The critical issue is whether Appellant was required to post a bond to serve as a co-executor of the Estate.
 {¶ 21} It is axiomatic that an executor of an estate would be a fiduciary under R.C. 2109.01. Additionally, the will creating the Estate provides that all six of the children were to be appointed as co-executors of the Estate without the necessity of a bond. R.C. 2109.04 provides when a fiduciary is required to post bond. R.C. 2109.04 provides in pertinent part:
(A)(1) Unless otherwise provided by law, every fiduciary,prior to the issuance of his letters as provided by section2109.02 of the Revised Code, shall file in the probate court inwhich the letters are to be issued a bond with a penal sum insuch amount as may be fixed by the court, but in no event lessthan double the probable value of the personal estate and of theannual real estate rentals which will come into such person'shands as a fiduciary. The bond of a fiduciary shall be in a formapproved by the court and signed by two or more personal suretiesor by one or more corporate sureties approved by the court. Itshall be conditioned that the fiduciary faithfully and honestlywill discharge the duties devolving upon him as fiduciary, andshall be conditioned further as may be provided by law.
 (2) Except as otherwise provided in this division, if theinstrument creating the trust dispenses with the giving of abond, the court shall appoint a fiduciary without bond, unlessthe court is of the opinion that the interest of the trustdemands it. If the court is of that opinion, it may require bondto be given in any amount it fixes.
 {¶ 22} Therefore, we need to determine whether the trial court abused its discretion in requiring Appellant to post a bond in order to serve as a co-executor of the Estate, when it did not require Kim and Constance to post a bond to serve as co-executors of the Estate.
 {¶ 23} Here, the probate court required Appellant to post bond in order to serve as a co-executor of the Estate, because "the [E]state owes him money and he owes money to the [E]state." (Aug. 19, 2005 Journal Entry p. 2). We refrain from determining whether this statement satisfies the requirement that the probate "court [be] of the opinion that the interest of the [estate] demands [the posting of a bond]", R.C. 2109.04(A)(2), because this assignment of error can be determined upon a different grounds.
 {¶ 24} R.C. 2109.09 provides that an executor's bond is not required when the executor is the next of kin and entitled to the entire net proceeds of an estate. R.C. 2109.09 provides in pertinent part:
(A) Unless the testator has specified otherwise in the will,the bond required of an executor by section 2109.04 of theRevised Code shall not be required of the executor to administeran estate in accordance with the will of the testator if theexecutor is the next of kin and if the executor is entitled tothe entire net proceeds of the estate.
 {¶ 25} Here, Appellant is not entitled to the entire net proceeds of the Estate, so he does not satisfy the requirements of R.C. 2109.09(A). Therefore, the probate court could require that Appellant post bond to serve as an executor of the Estate.
 {¶ 26} However, R.C. 2109.04(C) provides the bond posting requirements when there are joint fiduciaries. R.C. 2109.04(C) provides in pertinent part:
When two or more persons are appointed as joint fiduciaries,the court may take a separate bond from each or a joint bond fromall.
Thus, under R.C. 2109.04(C), the probate court was required to either take a separate bond from Kim, Constance, and Appellant or require a joint bond from all of them.
 {¶ 27} In the case sub judice, in its September 23, 2005 order, the probate court required Appellant, Kim, and Constance to make a joint application for bond and required Appellant to pay for the entirety of the bond. However, the probate court ordered that if the bond was not timely filed, then Kim and Constance would be appointed co-executors without the requirement of a bond.
 {¶ 28} Under this order, Kim and Constance were encouraged to frustrate Appellant's attempt to obtain a joint bond, because their noncompliance would allow them to administer the Estate without the Appellant serving as a co-executor and without the requirement of bond. While this might not have been the intention of the probate court, an order which in its application promotes noncompliance is unreasonable. Therefore, we find that the September 23, 2005 order was an abuse of discretion, and new appointments should be made.
 {¶ 29} Accordingly, Appellant's first assignment of error is sustained.
 Assignment of Error No. III {¶ 30} In his third assignment of error, Appellant argues that the trial court erred when it refused to appoint him as co-executor of the Estate without finding him unsuitable or legally incompetent to serve. Our resolution of Appellant's first assignment of error renders his third assignment of error moot and we decline to address it. App. R. 12(A)(1)(c).
 {¶ 31} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in his second assignment of error, but having found error prejudicial to the appellant herein in the particulars assigned and argued in his first assignment of error, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part and causeremanded.
 Shaw and Cupp, JJ., concur.