[Cite as *In re Estate of Panning*, 2014-Ohio-4969.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


In re Estate of Deloris D. Panning                Court of Appeals No. WD-14-004

                                                  Trial Court No. 20131074


                                                  **<u>DECISION AND JUDGMENT</u>**

                                                  Decided: November 7, 2014

* * * * *

Laurie A. Watson, for appellant.

Daniel F. Zigray, for appellee.

* * * * *

**JENSEN, J.**

## Introduction

{¶ 1} At issue in this case is an accelerated appeal of a judgment by the Wood

County Court of Common Pleas, Probate Division, that denied appellant's application for

authority to serve as executor of her mother's estate. Appellant alleges that the probate

court abused its discretion when it denied her application on the basis that a conflict of interest existed that rendered her unsuitable to serve as executor. For the following reasons, we affirm the judgment of the probate court.

## Facts and Procedural History

{¶ 2} The decedent, Deloris Panning, died on May 30, 2012, at the age of 89. The decedent was a resident of Bowling Green, Ohio, in Wood County. She was survived by two daughters: appellant, Denise Fox, and Madaline Schneider, both Ohio residents.

{¶ 3} The decedent executed her last will and testament on January 25, 2000, providing for an equal division of her property between Schneider and appellant. The will nominated them to serve as co-executors of the estate.

{¶ 4} On February 21, 2013, appellant filed a notice to file will without probate in the Wood County Court of Common Pleas, Probate Division. Appellant also filed decedent's last will and testament and indicated that additional estate administration would begin in the future.

{¶ 5} On May 14, 2013, attorney Philip Schmidt filed an application to administer the estate. Accompanying the application was Madaline Schneider's waiver of her right to administer the estate and her consent to Schmidt's appointment.

{¶ 6} On June 24, 2013, appellant filed her own application for authority to administer the estate, in which she sought to be named sole fiduciary of the estate.

{¶ 7} On September 20, 2013, Madaline Schneider filed a civil action in the probate court against appellant. Schneider alleged that appellant wrongfully converted

2.

decedent's assets to herself before decedent's death. The complaint requested that the unlawful transfer of assets be invalidated. In response, appellant counterclaimed, alleging that Schneider was unjustly enriched for failing to reimburse appellant for expenses related to decedent's home which they inherited in equal shares.

{¶ 8} A hearing on the applications to administer the estate was scheduled for December 13, 2013. On that date, attorney Schmidt withdrew his application, and no hearing was held.

{¶ 9} By journal entry dated December 16, 2013, the probate court found,

[B]oth Madaline and [appellant] are legally unsuitable to serve as fiduciaries. This finding is due, in part, to the asserted conflicting and adverse interests present which render both Madaline and [appellant] unable to make objective decisions for the benefit of the Deloris Panning estate.

{¶ 10} The court denied appellant's application. Appellant filed a notice of appeal on January 15, 2014, claiming a single assignment of error:

I. The trial court abused its discretion by denying Appellant's application for authority to administer her mother's estate on the grounds of unsuitability.

**Law and Analysis**

{¶ 11} Appellant argues that she is entitled to serve as executor of her mother's estate as a matter of law. She states that "there is no evidence that applicant is unsuitable

3.

or has a conflict of interest so insurmountable that she couldn't be reasonably disinterested in her decision-making." In the absence of such evidence, appellant concludes that the probate court abused its discretion in finding appellant legally unsuitable to serve as executor.

{¶ 12} "[A]n order granting or refusing letters of appointment is reversible only upon a finding of an abuse of discretion." *In re Estate of Henne,* 66 Ohio St.2d 232, 421 N.E.2d 506 (1981), paragraph one of the syllabus. "Abuse of discretion" suggests more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} R.C. 2113.05 governs the appointment of executors. It provides, in part,

When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will * * * if the executor or coexecutor is suitable, competent, accepts the appointment, and gives bond if that is required.

{¶ 14} Appellant's competency is not at issue here, just whether she is suitable under the statute. A person is "suitable" to serve as an executor if she is reasonably disinterested and in a position to reasonably fulfill her obligations as executor. *Henne* at paragraph two of the syllabus. In *Henne*, the Ohio Supreme Court provided the following guidance to determine whether a person was "reasonably disinterested":

4.

While acknowledging deference to the testator's nomination of an executor, the court, in determining the limits of a reasonably disinterested applicant, may consider factors including, but not limited to: (1) the nature and extent of the hostility and distrust among the parties; (2) the degree of conflicting interests and obligations, both personal and financial; and (3) the underlying and aggregate complexities of the conflict. *Id.* at paragraph three of the syllabus.

{¶ 15} In this case, appellant concedes that her relationship with her sister is "acrimonious" and "discordant." Appellant theorizes, however, that her mother named both daughters as executors, with the full knowledge of that strained relationship and that decedent's intent is entitled to deference by the court. We note that the record is silent as to the decedent's state of mind regarding her daughters' relationship.

{¶ 16} Moreover, given the lawsuit against her, appellant has a clear conflict of interest vis-a-vis her role as beneficiary and executor. Appellant can hardly be expected to defend herself from accusations that she wrongfully converted assets belonging to decedent while also acting as fiduciary to that estate. Therefore, this court finds that it was neither unreasonable, arbitrary, or unconscionable for the probate court to find that appellant's interest in the estate was antagonistic and adverse to Schneider. "Monetary conflicts are a consideration for a finding of unsuitability." *Henne,* 66 Ohio St.2d at 237, 421 N.E.2d 506.

5.

{¶ 17} Upon review of the record, we cannot say that the probate court abused its discretion when it denied appellant's application for authority to administer the estate. Therefore, we find that appellant's sole assignment of error is not well-taken.

{¶ 18} Appellant also suggests that the probate court applied the wrong statute in reaching its conclusion. While the court clearly applied the appointment statute, set forth in R.C. 2113.05, it also commented that *if* appellant, or her sister, was appointed to serve as executor, it might prompt "an action for immediate removal" pursuant to R.C. 2113.18.[1] We see no error in the probate court's acknowledgment that certain consequences might follow if appellant was appointed executor. In any event, the probate court applied the correct statute and legal framework in reaching its conclusion that appellant was legally unsuitable to serve as executor.

{¶ 19} For the foregoing reasons, we affirm the judgment of the Wood County Court of Common Pleas, Probate Division. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

---

[1] R.C. 2113.18(A) provides, "The probate court may remove any executor * * * if there are unsettled claims existing between the executor * * * and the estate that the court thinks may be the subject of controversy or litigation between the executor * * * and the estate or persons interested in the estate."

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                          JUDGE

Stephen A. Yarbrough, P.J.

                                            _____
James D. Jensen, J.                                       JUDGE
CONCUR.

                                            _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.